UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff,<br><br>v.<br><br>THOMAS BLAHA,<br><br>        Defendant. | Civil Action No.: 25 Civ. 1569<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Jane Doe, by and through her attorneys of record, Latham & Watkins LLP, upon information and belief, alleges as follows:

**NATURE OF THE ACTION**

1. This is a suit for damages arising out of Defendant Thomas Blaha's violations of federal criminal statutes 18 U.S.C. §§ 2251(c) and (e), which govern child sexual exploitation and abuse, and 18 U.S.C. § 1591, which criminalizes sex trafficking of children.

2. Defendant sexually exploited and abused Plaintiff when she was a child, including by coercing Plaintiff to send sexually explicit images to Defendant online in exchange for money, traveling overseas to forcibly drug and rape Plaintiff on multiple occasions, and taking photos and videos of these sexual assaults. Defendant's criminal conduct against Plaintiff resulted in Defendant pleading guilty to one count of sexual exploitation of a child on February 10, 2022, in violation of 18 U.S.C. §§ 2251(c) and (e). On November 2, 2022, Defendant was sentenced to 200 months in prison.

3. 18 U.S.C. § 2255(a) allows victims of a violation of 18 U.S.C. § 2251 to recover actual or liquidated damages in the amount of $150,000, and the cost of the action, including

1

reasonable attorney's fees and other litigation costs reasonably incurred. The Court may also award punitive damages and grant such other preliminary and equitable relief as the Court determines to be appropriate.

4. Similarly, 18 U.S.C. § 1595(a) allows trafficking victims to recover compensatory and punitive damages for violations of Chapter 77 of Title 18, crimes of human trafficking, including 18 U.S.C. § 1591, as well as reasonable attorney's fees.

## PARTIES

5. Plaintiff is eighteen years old and resides outside of the State of New York.

6. Plaintiff is a victim of child sexual exploitation, sex trafficking, and abuse by Defendant and whose sexual abuse is depicted in images of child pornography seized from Defendant's possession.

7. Defendant is an adult who, upon information and belief, was a resident of the State of New York prior to his imprisonment.

## JURISDICTION AND VENUE

8. Federal subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 because this is a civil action arising under federal criminal statutes 18 U.S.C. § 2255 and 18 U.S.C. § 1595.

9. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because (i) this is a civil action brought in the judicial district where, on information and belief, the Defendant resided at the time of the offenses alleged herein and (ii) a substantial part of the events giving rise to the Plaintiff's claims occurred in this judicial district.

# FACTS

## Defendant Sexually Exploited, Trafficked, and Abused Plaintiff.

10. Plaintiff is a native of the Philippines, where she resided over the course of Defendant's abuse.

11. Plaintiff's sister introduced Plaintiff to Defendant over Facetime in or about the spring of 2018. Defendant then added Plaintiff as a friend on Facebook.

12. At the time of meeting Defendant online, Plaintiff was a minor of approximately eleven or twelve years of age, and Defendant knew that Plaintiff was underage.

13. Shortly after meeting Defendant online and up until Plaintiff's rescue in January 2020, at Defendant's request, Plaintiff's sister on at least six occasions took sexually explicit videos and photographs of Plaintiff and exchanged them with Defendant for money. These photographs and videos depicted Plaintiff in her underwear and while nude, sometimes with a vibrator.

14. In or around the summer of 2018, Plaintiff's sister took Plaintiff to meet Defendant in person at the Makati Shangri-La Hotel in Manila. Defendant traveled to the Philippines from the United States in order to meet Plaintiff in person.

15. At that meeting, Defendant brought Plaintiff to his hotel room where he gave Plaintiff a drink that made her dizzy and fall asleep. When Plaintiff woke up, she was naked and her entire body hurt, including her genitals. Plaintiff observed blood on her body and the bed. Thereafter, Plaintiff had pain when walking and observed blood in her urine.

16. Defendant threatened Plaintiff not to tell anyone what had happened during their meeting.

17. Following that initial in-person meeting and over the course of more than a year thereafter, against Plaintiff's objections, Plaintiff's sister repeatedly took Plaintiff to meet

Defendant at the Makati Shangri-La Hotel, where Defendant would forcibly rape Plaintiff, while she was both conscious and unconscious.

18. Plaintiff made every effort to resist Defendant's sexual assaults, but while she cried, pleaded no, and tried to fight back, Defendant would forcibly rape her, including by forcing her to perform oral and anal sex. On more than one occasion, Defendant set up a camera and recorded the sexual assault. Defendant also used physical restraints to accomplish his sexual assault. On more than one occasion, Defendant tied up Plaintiff's hands so that she could not fight back.

19. On at least one occasion, when Plaintiff tried to fight back, Defendant threatened to kill Plaintiff's mother if Plaintiff were to tell others about the abuse. Plaintiff believed that Defendant could and would kill her mother.

20. The repeated sexual assaults and exploitation, all of which occurred while Plaintiff was a minor, caused Plaintiff to suffer severe physical pain and injury. The abuse also caused Plaintiff to suffer severe mental distress, including thoughts of suicide.

21. Plaintiff was rescued by law enforcement in the Philippines on or around January 18, 2020.

22. As a direct result of Defendant's sexual exploitation, sex trafficking, and abuse of Plaintiff when she was a child, in violation of 18 U.S.C. §§ 2251(c) and (e) and 18 U.S.C. § 1591 (brought here under 18 U.S.C. § 1595), Plaintiff suffered, and will continue to suffer, severe physical and psychological trauma.

### The Defendant Pleaded Guilty to Sexual Exploitation of a Child in Violation of 18 U.S.C. §§ 2251(c) and (e).

23. Defendant was arrested on or around February 20, 2020.[1] On June 18, 2020, Defendant was indicted in the United States District Court for the Eastern District of New York,

---

[1] Ex. 1, Criminal Information Sheet, *United States v. Blaha*, 20-cr-220 (E.D.N.Y. June 18, 2020), ECF No. 15-1.

on charges of travel with intent to engage in illicit sexual conduct with a child referenced as "Jane Doe," sexual exploitation of a child referenced as "Jane Doe," attempted sexual exploitation of a child referenced as "Jane Doe," distribution of child pornography, and possession of child pornography.[2]

24. Following Defendant's arrest and indictment, Plaintiff received notice from the United States Department of Justice Victim Notification System (VNS) that she is referred to as "Jane Doe" in the indictment, and that her sexually explicit images were among those possessed by Defendant in violation of federal child pornography law.

25. On February 10, 2022, Defendant pleaded guilty to one count of sexual exploitation of a child, in violation of 18 U.S.C. §§ 2251(c) and (e).[3]

26. In his plea allocution, Defendant acknowledged that he "induced [Jane Doe] to create sexually explicit video and still images" which were sent to Defendant in the United States.[4]

27. U.S. District Court Judge Joan M. Azrack accepted Defendant's plea agreement on February 16, 2022.

28. On November 2, 2022, Jane Doe delivered a victim impact statement by video at Defendant's sentencing hearing, testifying on the sexual exploitation and abuse that she suffered at the hands of Defendant as well as on the impact to her of Defendant's abuse.[5]

29. On November 2, 2022, U.S. District Court Judge Joan M. Azrack sentenced Defendant to 200 months in prison.[6]

---

[2] Ex. 2, Indictment, *United States v. Blaha*, 20-cr-220 (E.D.N.Y. June 18, 2020), ECF No. 15.
[3] Ex. 3, Pleading Tr. at 17:17-20, *United States v. Blaha*, 20-cr-220 (E.D.N.Y. Feb. 15, 2022), ECF No. 36.
[4] Ex. 3, Pleading Tr. at 18:24-19:6, *United States v. Blaha*, 20-cr-220 (E.D.N.Y. Feb. 15, 2022), ECF No. 36.
[5] *See* Ex. 4, Criminal Cause for Sentencing, *United States v. Blaha*, 20-cr-220 (E.D.N.Y. Nov. 2, 2022), ECF No. 49.
[6] Ex. 5, Judgment, *United States v. Blaha*, 20-cr-220 (E.D.N.Y. Nov. 2, 2022), ECF No. 50.

30. Plaintiff is a victim of Defendant's criminal conduct—including but not limited to his violations of 18 U.S.C. §§ 2251(c) and (e)—and has been paid restitution as set forth in the judgment entered against Defendant on November 2, 2022.[7]

31. The facts that gave rise to the criminal charges under 18 U.S.C. §§ 2251(c) and (e) also support a charge of sex trafficking of a minor under 18 U.S.C. § 1591. The Defendant knowingly obtained and forced Plaintiff, a minor, to engage in a commercial sex act.

## CAUSES OF ACTION

### COUNT I

### Civil Remedy under 18 U.S.C. § 2255(a) for Violation of 18 U.S.C. §§ 2251

32. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

33. 18 U.S.C. § 2255(a) provides a private right of action for victims of certain enumerated criminal predicates, including 18 U.S.C. § 2251, and states:

> Any person who, while a minor, was a victim of a violation of section . . . 2251 . . . of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred. The court may also award punitive damages and such other preliminary and equitable relief as the court determines to be appropriate.

When Plaintiff was a minor, Defendant: (1) knowingly and intentionally employed, used, persuaded, induced, enticed, or coerced Plaintiff, (2) to engage in sexually explicit conduct outside of the United States, (3) for the purpose of producing one or more visual depictions of such conduct, (4) intending that such visual depictions would be transported to the United States using

---

[7] *See* Ex. 5, Judgment, *United States v. Blaha*, 20-cr-220 (E.D.N.Y. Nov. 2, 2022), ECF No. 50.

a means and facility of interstate and foreign commerce, and (5) which visual depictions were actually transported to the United States using a means or facility of interstate and foreign commerce, all in violation of 18 U.S.C. §§ 2251(c) and (e).

34. On June 18, 2020, in a criminal indictment captioned *U.S. v. Blaha*, Case No. 20-cr-220, in the United States District Court for the Eastern District of New York, Defendant was charged with: two counts of travel with intent to engage in illicit sexual conduct with a child (in violation of 18 U.S.C. § 2423(b) and 3551 *et seq.*); one count of sexual exploitation of a child (in violation of 18 U.S.C. §§ 2251(c), 2251(e), 2, and 3551 *et seq.*); one count of attempted sexual exploitation of a child (in violation of 18 U.S.C. §§ 2251(c), 2251(e), 2, and 3551 *et seq.*); two counts of distribution of child pornography (in violation of 18 U.S.C. §§ 2252(a)(2), 2252(b)(1), and 3551 *et seq.*); and one count of possession of child pornography (18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2), and 3551 *et seq.*).[8]

35. On February 10, 2022, Defendant pleaded guilty to one count of sexual exploitation of a child in violation of 18 U.S.C. §§ 2251(c) and (e).[9] On November 2, 2022, Defendant was sentenced to 200 months in prison.[10]

36. Plaintiff is a victim of Defendant's criminal conduct, including his criminal conduct resulting in his violation of 18 U.S.C. § 2251(c) and (e).

37. Plaintiff elects liquidated damages in the amount of $150,000 and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred, prejudgment and post-judgment interest, and such other relief as the Court deems appropriate.

---

[8] Ex. 2, Indictment, *United States v. Blaha*, 20-cr-220 (E.D.N.Y. June 18, 2020), ECF No. 15.
[9] Ex. 3, Pleading Tr. at 17:17-20, *United States v. Blaha*, 20-cr-220 (E.D.N.Y. Feb. 15, 2022), ECF No. 36.
[10] Ex. 5, Judgment, *United States v. Blaha*, 20-cr-220 (E.D.N.Y. Nov. 2, 2022), ECF No. 50.

## COUNT II

## Civil Remedy under 18 U.S.C. § 1595(a) for Violation of 18 U.S.C. § 1591

38. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

39. 18 U.S.C. § 1595(a) provides a private right of action for victims of certain enumerated criminal predicates, including 18 U.S.C. § 1591, and states:

> An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees.

40. Defendant recruited, obtained, solicited, patronized, and harbored Plaintiff, knowing that she was a minor, for the purposes of engaging in commercial sex acts on multiple occasions in violation of 18 U.S.C. § 1591.

41. Plaintiff seeks damages for physical and psychological harm inflicted upon her by Defendant, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred, prejudgment and post-judgment interest, and such other relief as the Court deems appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff requests judgment against the Defendant as follows:

1. Liquidated damages in the amount of $150,000 pursuant to 18 U.S.C. § 2255(a);

2. Damages for sex trafficking under 18 U.S.C. § 1595(a) in an amount to be determined by this Court;

3. Reasonable attorney's fees;

4. Litigation costs;

5. Pre-judgment and post-judgment interest; and

6. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury.

DATED: March 21, 2025
Chicago, Illinois

    */s/ Jack McNeily*
Jack McNeily
Priya Purohit (*pro hac vice* forthcoming)
**LATHAM & WATKINS LLP**
330 North Wabash Ave., Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Email: Jack.McNeily@lw.com
       Priya.Purohit@lw.com

Wenyi Gu
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: Wendy.Gu@lw.com

*Attorneys for Plaintiff Jane Doe*