EXHIBIT 3

FILED
CLERK

2/15/2022 11:40 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X  **Docket#**
UNITED STATES OF AMERICA,    : 20-cr-00220(JMA)(ST)
                             :
                             :
   - versus -                : U.S. Courthouse
                             : Central Islip, New York
THOMAS BLAHA,                :
                             : February 10, 2022
              Defendant      : 2:06 p.m.
------------------------------X

TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
BEFORE THE HONORABLE STEVEN L. TISCIONE
UNITED STATES MAGISTRATE JUDGE

**A  P  P  E  A  R  A  N  C  E  S:**

**For the Government**:        **Breon S. Peace, Esq.**
                          United States Attorney


                     BY:  **Anna L. Karamigios, Esq.**
                          Assistant U.S. Attorney
                          610 Federal Plaza
                          Central Islip, NY 11722

**For the Defendant**:         **Kevin B. Faga, Esq.**
                          Kevin B. Faga, Esq., PC
                          1133 Westchester Avenue, N-202
                          White Plains, NY 10604

**For the Victim**:            **Anna Stanzione, Esq.**
                          **Adam Rosenbloom, Esq.**
                          Latham & Watkins, LLP
                          1271 Avenue of the Americas
                          New York, NY 10020



Transcription Service:    **Transcriptions Plus II, Inc.**
                          61 Beatrice Avenue
                          West Islip, New York 11795
                          RL.Transcriptions2@gmail.com


Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

2

Proceedings

1          THE CLERK:  All rise.  Be seated.  Court is now

2    in session.  The Honorable Steven Tiscione presiding.

3          Criminal Cause for a Guilty Plea, *United States*

4    *of America v. Thomas Blaha*, Docket Number 20-cr-220.

5    Counsel, please state your appearances for the record

6    beginning with the government.

7          MS. KARAMIGIOS:  Anna Karamigios for the

8    government and I'm joined by Special Agent Josh Pratt of

9    Homeland Security Investigations.  Good afternoon.

10          THE COURT:  Good afternoon.

11          MR. FAGA:  Kevin Faga, spelled F-A-G-A, for Mr.

12    Blaha who is seated to my left.  Good afternoon.

13          THE COURT:  Good afternoon.  Good afternoon,

14    Mr. Blaha.  Can you please administer the oath to the

15    defendant?

16          THE CLERK:  Yes, your Honor.  Mr. Blaha, could

17    you please stand and raise your right hand?

18    T H O M A S    B L A H A,

19       called as a witness, having been first duly sworn,

20       was examined and testified as follows:

21          THE CLERK:  Thank you.  You may be seated.

22          THE COURT:  I understand we also have an

23    attorney for the victim that is participating?

24          MS. KARAMIGIOS:  We do, your Honor.  Adam

25    Rosenbloom is on the line.

3

Proceedings

1          MS. STANZIONE:  Hi.  Good afternoon, your

2     Honor.  My name is Amanda Stanzione and I'm here on the

3     line with Adam Rosenbloom.  We're with Latham & Watkins.

4     We are appearing pro bono on behalf of the victim and are

5     seeking an opportunity to be heard pursuant to Rule

6     60(a)(3).

7          THE COURT:  Okay.  Do you wish to make a

8     statement now or do you want to wait until the end?  It's

9     up to you.

10          MS. STANZIONE:  We can wait till the end.

11          THE COURT:  Okay.

12          MS. STANZIONE:  Thank you.

13          THE COURT:  Mr. Blaha, are you able to speak

14     and understand English?

15          THE DEFENDANT:  Yes.

16          THE COURT:  All right.  Have you had any

17     difficulty communicating with your attorney at all?

18          THE DEFENDANT:  No.

19          THE COURT:  All right.  Do you understand that

20     this is Judge Azrack's case?  She's the judge who will

21     sentence you and make the ultimate decision as to whether

22     to accept your guilty plea.  If you wish, you have the

23     absolute right to have Judge Azrack listen to your plea,

24     and if you choose to do that, there will be no prejudice

25     against you.

4

Proceedings

1          Alternatively, if you wish, I will listen to

2     your plea.  A transcript will be made based on the

3     recording and Judge Azrack can review that transcript in

4     connection with your sentencing and in deciding whether

5     to accept your plea.

6          Do you wish to give up the right to have Judge

7     Azrack listen to your plea and instead proceed here

8     before me today?

9          THE DEFENDANT:  Yes, I do.

10          THE COURT:  Okay.  And do you make that

11     decision voluntarily and of your own free will?

12          THE DEFENDANT:  Yes, I did.

13          THE COURT:  And have any threats or promises

14     been made to you to induce you to agree to have me take

15     your plea?

16          THE DEFENDANT:  No.

17          THE COURT:  All right.  Now before I accept

18     your guilty plea, I must ask you a number of questions to

19     assure that it is a valid plea.  If you do not understand

20     any of my questions, please tell me and I'll reword the

21     question or explain it to the best of my ability.  Okay?

22          THE DEFENDANT:  Okay.

23          THE COURT:  Do you understand that you have the

24     right to be represented by counsel at trial and every

25     other stage of the proceedings including this one?

5

Proceedings

1          THE DEFENDANT:  Yes.

2          THE COURT:  Do you understand that if you

3  cannot afford counsel, the Court may appoint counsel for

4  you?

5          THE DEFENDANT:  Yes.

6          THE COURT:  All right.  If at any point during

7  these proceedings you wish to consult with your attorney,

8  please let me know and I'll give you as much time as you

9  need.  All right?

10          THE DEFENDANT:  Okay.

11          THE COURT:  You have sworn to tell the truth.

12  That means that if you answer any of my questions

13  falsely, your answers later may be used against you in a

14  separate prosecution for the crimes of perjury or of

15  making a false statement.  Do you understand that?

16          THE DEFENDANT:  Yes.

17          THE COURT:  Okay.  What's your full name, sir?

18          THE DEFENDANT:  Thomas Paul Blaha.

19          THE COURT:  And how old are you?

20          THE DEFENDANT:  65.

21          THE COURT:  What's the highest grade you

22  completed in school?

23          THE DEFENDANT:  12th.

24          THE COURT:  Are you presently or have you

25  recently been under the care of a physician?

6

Proceedings

1            THE DEFENDANT:  Just a court order psychologist

2    and a cardiologist.

3            THE COURT:  Okay.  Anything that would affect

4    your ability to understand what's going on here today or

5    cloud your mind?

6            THE DEFENDANT:  No.

7            THE COURT:  Other than the court ordered

8    psychiatrist, are you under the care of any other mental

9    health professionals?

10            THE DEFENDANT:  No.

11            THE COURT:  Have you ever been hospitalized or

12    treated for any mental illness?

13            THE DEFENDANT:  No.

14            THE COURT:  Have you ever been hospitalized or

15    treated for addiction to drugs or alcohol?

16            THE DEFENDANT:  No.

17            THE COURT:  In the past 24 hours have you

18    consumed any narcotic drugs?

19            THE DEFENDANT:  No.

20            THE COURT:  In the past 24 hours have you taken

21    any prescription medications?

22            THE DEFENDANT:  Just the ones ordered by my

23    cardiologist.

24            THE COURT:  Okay.  For your heart condition?

25            THE DEFENDANT:  Yes.

7

Proceedings

1          THE COURT:  Do any of those medications affect
2   your ability to understand what's going on or cloud your
3   mind?
4          THE DEFENDANT:  No.
5          THE COURT:  In the past 24 hours have you
6   consumed any alcoholic beverages?
7          THE DEFENDANT:  No.
8          THE COURT:  Is your mind clear?
9          THE DEFENDANT:  Yes.
10         THE COURT:  And do you understand what's going
11  on here?
12         THE DEFENDANT:  Yes.
13         THE COURT:  Counsel, have you discussed this
14  matter with your client?
15         MR. FAGA:  Yes, your Honor, I have.
16         THE COURT:  And in your opinion, is he capable
17  of understanding the nature of these proceedings?
18         MR. FAGA:  Yes, sir.
19         THE COURT:  In your opinion, does he understand
20  the rights he'll be waiving by pleading guilty?
21         MR. FAGA:  Yes, sir.
22         THE COURT:  Do you have any doubt as to the
23  defendant's competence to plead at this time?
24         MR. FAGA:  I do not.
25         THE COURT:  Have you advised him of the maximum

8

Proceedings

1    sentence and fines that can be imposed?

2           MR. FAGA:  Yes, your Honor.

3           THE COURT:  And have you discussed with him the

4    operation of the advisory sentencing guidelines?

5           MR. FAGA:  Yes.

6           THE COURT:  Mr. Blaha, have you had a

7    sufficient opportunity to discuss this case with your

8    attorney?

9           THE DEFENDANT:  Yes.

10          THE COURT:  Are you fully satisfied with the

11   representation and advice given to you in this case by

12   your attorney?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Have you received a copy of the

15   indictment that has been filed against you in this case?

16          THE DEFENDANT:  I've seen it.

17          THE COURT:  And have you consulted with your

18   attorney about all the charges in the indictment?

19          THE DEFENDANT:  Yes.

20          THE COURT:  And specifically have you discussed

21   the count to which you'll be pleading guilty which is

22   count 3, sexual exploitation of a child?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Do you have any questions about

25   that charge?

9

Proceedings

1          THE DEFENDANT:  No.

2          THE COURT:  You understand the charge?

3          THE DEFENDANT:  I understand the charge.

4          THE COURT:  All right.  I understand you're

5   pleading guilty pursuant to a written plea agreement with

6   the government, correct?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Before I get to the agreement

9   itself, I need to advise you of the rights that you'll be

10  waiving if you plead guilty.  The first and the most

11  important thing you must understand is that you do not

12  have to plead guilty even if you are guilty.  Under our

13  legal system, the prosecutor has the burden of proving

14  the guilt of the defendant beyond a reasonable doubt.  If

15  the prosecutor cannot or does not meet that burden of

16  proof, the jury would have the duty to find the defendant

17  not guilty even if they believe the defendant is probably

18  guilty.  Do you understand that?

19          THE DEFENDANT:  Yes.

20          THE COURT:  If you plead not guilty, under the

21  constitution and laws of the United States you're

22  entitled to a speedy and public trial by a jury with the

23  assistance of counsel on all of the charges contained in

24  the indictment.  Do you understand that?

25          THE DEFENDANT:  Yes.

10

Proceedings

1          THE COURT:  At the trial, you'd be presumed

2   innocent.  You would not have to prove that you are

3   innocent.  It's always the government's burden to

4   overcome that presumption and prove you guilty by

5   competent evidence and beyond a reasonable doubt.  Do you

6   understand that?

7          THE DEFENDANT:  Yes.

8          THE COURT:  In the course of the trial the

9   witnesses for the government would have to come to court

10  and testify in your presence and your counsel would have

11  the right to cross examine the witnesses for the

12  government, to object to evidence offered by the

13  government, and to offer evidence on your behalf.  Your

14  attorney would also have the right to subpoena or compel

15  witnesses to come to court and testify.  Do you

16  understand that?

17         THE DEFENDANT:  Yes.

18         THE COURT:  At the trial you'd have the right

19  to testify on your own behalf if you choose to do so.

20  However, you're not required to testify.  Under the

21  Constitution of the United States, a defendant in a

22  criminal case cannot be forced to take the witness stand

23  at his or her trial and say anything that can be used

24  against them to show that they are guilty of the crime

25  with which they have been charged.  If you decided not to

11

Proceedings

1  testify, the Court would instruct the jury that they

2  could not hold that against you.  This is called your

3  right against self-incrimination.

4          By pleading guilty, however, you'll be

5  admitting your guilt and giving up your right against

6  self-incrimination.  Do you understand that?

7          THE DEFENDANT:  Yes.

8          THE COURT:  If you plead guilty, I must ask you

9  questions about what you did in order to satisfy myself

10  that you are in fact guilty of the charge to which you

11  are pleading guilty.  You'll have to answer my questions

12  truthfully and acknowledge your guilt under oath.

13          In other words,  it is not enough to simply say

14  you are guilty.  You must also tell me what it is that

15  you did that makes you guilty of the particular charge to

16  which you are pleading guilty.  Do you understand that?

17          THE DEFENDANT:  Yes.

18          THE COURT:  If you plead guilty and the Court

19  accepts your plea, you'll be giving up your

20  constitutional right to a trial and all of the other

21  rights I've just discussed.  There'll be no further trial

22  of any kind.  The Court will simply enter a judgment of

23  guilty on the basis of your guilty plea.  Do you

24  understand that?

25          THE DEFENDANT:  Yes.

12

Proceedings

1           THE COURT:  If you decided to go to trial and a

2  jury found you guilty, you could appeal both the verdict

3  and the sentence.  By pleading guilty and entering into

4  the agreement that's before the Court, you'll have waived

5  or given up your right to appeal or collaterally attack

6  all or part of the sentence that's imposed.

7           Specifically, pursuant to the agreement, you'll

8  be waiving your right to file an appeal or otherwise

9  challenge your conviction or sentence in the event that

10  the Court imposes a term of imprisonment of 235 months or

11  below.  Do you understand that?

12           THE DEFENDANT:  Yes.

13           THE COURT:  Are you willing to give up your

14  right to a trial and all the other rights I have just

15  described?

16           THE DEFENDANT:  Yes.

17           THE COURT:  All right.  I'm looking at the plea

18  agreement that is before the Court.  It's an 11-page

19  agreement.  It appears to have your signature, the

20  signature of your attorney and the attorneys for the

21  government.  Is that your signature on the last page of

22  the plea agreement?

23           THE DEFENDANT:  Yes.

24           THE COURT:  Have you reviewed the plea

25  agreement with your attorney?

13

Proceedings

1          THE DEFENDANT:  Yes.

2          THE COURT:  Do you understand all of the terms

3 and conditions of the plea agreement?

4          THE DEFENDANT:  Yes.

5          THE COURT:  Does the written plea agreement

6 accurately represent the entire understanding or

7 agreement you have with the government?

8          THE DEFENDANT:  Yes.

9          THE COURT:  Counsel, have you read and reviewed

10 with your client the written plea agreement that's before

11 the Court?

12          MR. FAGA:  Yes, your Honor.

13          THE COURT:  And does it reflect your

14 understanding of the entire agreement that your client

15 has entered into with the Government?

16          MR. FAGA:  Yes, it does.

17          THE COURT:  Now, I want to discuss with you the

18 sentencing scheme that's applicable here.

19          The statute you're accused of violating carries

20 a maximum term of imprisonment of 30 years and a minimum

21 term of imprisonment of 15 years.  There's also a minimum

22 supervised release term of five years, a maximum

23 supervised release term of life to follow any term of

24 imprisonment.

25          If you violate any condition of release, you

14

Proceedings

1  can be sentenced up to three years in jail without credit

2  for pre-release imprisonment or any time previously

3  served on post release supervision.

4        Also if you commit any criminal offense under

5  the designated chapters that's listed in the agreement

6  for which a term of imprisonment of more than one year

7  can be imposed, you can be sentenced to no less than five

8  years and up to life.

9        There's also a maximum fine of $250,000.

10  Restitution is mandatory in the full amount of each

11  victim's losses to be determined by the Court.  There's a

12  mandatory $100 special assessment.  There's also a

13  mandatory additional special assessment of $5,000

14  pursuant to 18 United States Code Section 3014(a).

15  There's a requirement for sex offender registration

16  pursuant to the Sex Offender Registration and

17  Notification Act.  And there's also criminal forfeiture

18  as set forth in the agreement which requires you to

19  forfeit certain property that's listed in Paragraph 6

20  through 12 of the agreement.

21        Do you understand all that?

22        THE DEFENDANT:  Yes.

23        THE COURT:  Are you a citizen of the United

24  States?

25        THE DEFENDANT:  Yes.

15

Proceedings

1          THE COURT:  Just in an abundance of caution,

2    I'll advise you that if you are not a citizen of the

3    United States, your conviction for this offense would

4    result in your removal or deportation from the United

5    States.  Do you understand that?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Judge Azrack does not have complete

8    discretion to impose a sentence here.  As a first step,

9    the Court must consider the advisory sentencing

10   guidelines used by the United States Sentencing

11   Commission in determining what is a reasonable sentence

12   in a criminal case.  As a second step, the Court must

13   consider whether there are any factors present that would

14   allow the Court to depart from the advisory guidelines

15   either upwardly or downwardly.

16          In addition, the Court must consider the

17   factors set forth in 18 United States Code Section

18   3553(a) against all of the facts and circumstances of the

19   case, and it may be that what's called a non-guideline

20   sentence may be appropriate.

21          The bottom line is that until the date of

22   sentencing when there's a pre-sentence report and the

23   judge hears from you, your lawyer, and the government,

24   you cannot know with certainty what the guidelines will

25   be, whether there will be grounds to depart from them or

16

                              Proceedings

1   whether the Court will impose a non-guideline sentence.

2   Do you understand that?

3               THE DEFENDANT:  Yes.

4               THE COURT:  Nevertheless, I ask the attorneys

5   to give their best estimate of what the guidelines are

6   likely to say based on the information they have at this

7   point.  Keep in mind that this guess could be wrong. It's

8   not binding on the government, probation, or the Court

9   and if the estimate is wrong, you will not be permitted

10  to withdraw your guilty plea on that basis?  Do you

11  understand that?

12              THE DEFENDANT:  Yes.

13              THE COURT:  What's the government's estimate of

14  the likely guideline range?

15              MS. KARAMIGIOS:  We estimate the total adjusted

16  offense level with acceptance of responsibility to be 35

17  and we estimate that the defendant's criminal history

18  category is I which would result in a guidelines range of

19  168 to 210 months.  However, given the statutory

20  mandatory minimum, the effective estimated guidelines is

21  180 months to 210 months.

22              THE COURT:  Okay.  Counsel, do you have the

23  same or a different calculation?

24              MR. FAGA:  No, I have the same calculation

25  certainly with respect to the mandatory minimum of 180

17
                              Proceedings

1   months.

2             THE COURT:  Okay.  Do you understand that, Mr.

3   Blaha?

4             THE DEFENDANT:  Yes.

5             THE COURT:  And you understand that's not

6   binding, it's just an estimate that could be wrong?

7             THE DEFENDANT:  Yes, I understand.

8             THE COURT:  Counsel, do you know of any reason

9   why the defendant should not plead guilty at this time?

10            MR. FAGA:  No, your Honor.

11            THE COURT:  Are you aware of any viable legal

12  defenses to the charges?

13            MR. FAGA:  No, your Honor.

14            THE COURT:  Mr. Blaha, are you ready to plead

15  at this time?

16            THE DEFENDANT:  Yes.

17            THE COURT:  All right.  What is your plea to

18  count 3 of the indictment, sexual exploitation of a

19  child; guilty or not guilty?

20            THE DEFENDANT:  Guilty.

21            THE COURT:  Are you pleading guilty voluntarily

22  and of your own free will?

23            THE DEFENDANT:  Yes.

24            THE COURT:  Has anyone threatened or forced you

25  to plead guilty?

18

Proceedings

1          THE DEFENDANT:  No.

2          THE COURT:  Other than the promises contained

3   in the written agreement, has anyone made any other

4   promises to you to induce you to plead guilty?

5          THE DEFENDANT:  No.

6          THE COURT:  Has anyone made any promise to you

7   as to what your final sentence will be?

8          THE DEFENDANT:  No.

9          THE COURT:  Did you, as charged in count 3 of

10  the indictment, in or about and between September 2019

11  and February 2020, together with others knowingly and

12  intentionally employ, use, persuade, induce, entice and

13  coerce a minor to engage in sexually explicit conduct

14  outside of the United States for the purpose of producing

15  one or more visual depictions of such conduct intending

16  that such visual depictions would be transported to the

17  United States using a means and facility of interstate

18  and foreign commerce and which visual depictions were

19  actually transported to the United States using a means

20  or facility of interstate and foreign commerce?

21          THE DEFENDANT:  Yes.

22          THE COURT:  And can you tell me in your own

23  words what you did that makes you guilty of that offense?

24          THE DEFENDANT:  During the period of time

25  including September 2019 to February 2020 I exchanged

19

Proceedings

1   electronic messages with someone I knew to be a minor.

2   That person was located outside the United States.  In

3   those messages I induced the minor to create sexually

4   explicit video and still images and send them to me

5   electronically while I was in the United States, Long

6   Island.

7           THE COURT:  Okay.  Where specifically were you

8   in the United States when you sent those messages?

9           THE DEFENDANT:  Long Island, New York.

10          THE COURT:  I'm sorry?

11          THE DEFENDANT:  Long Island, New York.

12          THE COURT:  Long Island, New York.  Okay.  Is

13  that sufficient for the government?

14          MS. KARAMIGIOS:  I believe it is, your Honor.

15  I would just add that at trial the government would

16  introduce evidence that Jane Doe was in fact a minor and

17  I believe the defense will so stipulate to that fact.

18          MR. FAGA:  Yes, your Honor.  He's already

19  indicated that.

20          THE COURT:  Okay.  All right.  Based on the

21  information given to me, I find that the defendant is

22  acting voluntarily, that he understands his rights and

23  the consequences of his plea and that there's a factual

24  basis for the plea.  I therefore will recommend to Judge

25  Azrack that she accept the plea of guilty to count 3 of

20

Proceedings

1   the indictment.

2           Is there a sentencing date that's been

3   scheduled yet?

4           MS. KARAMIGIOS:  Not at this time, Your Honor.

5           THE COURT:  Okay.  So I'm sure they'll set that

6   date once the pre-sentence report is completed.  Counsel,

7   I assume you would wish to be present for that interview?

8           MR. FAGA:  Yes, Your Honor.

9           THE COURT:  All right.  At this point, is there

10  anything else from either side, either party?

11          MS. KARAMIGIOS:  Not from the government, your

12  Honor, but I believe that the victim's attorney did want

13  to make a statement.

14          THE COURT:  Yes.  Anything from the defense?

15          MR. FAGA:  My only statement is a request that

16  his current bail conditions continue until the time of

17  sentencing.  He's had an excellent track record for the

18  past two years.

19          THE COURT:  Okay.

20          MS. KARAMIGIOS:  No objection to that, your

21  Honor.

22          THE COURT:  All right.  So bail is continued.

23  At this point if the victim would like to make a

24  statement, we can do that.

25          MS. STANZIONE:  Thank you, your Honor.  Again,

21

Proceedings

1   my name is Amanda Stanzione and I'm on the line with Adam

2   Rosenbloom.  Where at Latham & Watkins appearing on

3   behalf of the victim.

4          I'm happy to spell our names for the court

5   reporter if that's helpful.

6          THE COURT:  I'm sorry, I missed that last part

7   of your statement.

8          MS. STANZIONE:  I just said I'm happy to spell

9   our names for the court reporter if that's helpful for

10  the record.

11         THE COURT:  That's fine.

12         MS. STANZIONE:  But let me know if that's

13  unnecessary.  Okay.

14         We understand and appreciate that restitution

15  to the victim is mandatory pursuant to the plea

16  agreement.  We are appearing today to make a record of

17  our intention to seek that restitution.  We've done some

18  work to determine what we think the proper restitution

19  award should be and we will work with the probation

20  office to finalize and formally submit our request and

21  support for that with the Court at the appropriate time.

22  When we do so, we will also be submitting an impact

23  statement from the victim.

24         To the extent any sentencing schedule is set,

25  we would request that we have the continued opportunity

22

Proceedings

1   to be heard on the issue of restitution.  We also want to

2   preview our request for the Court that once the Court

3   makes its decision on the appropriate restitution award

4   we would request that the Court require payment of some

5   or all of that award to be made before or at the time of

6   sentencing.

7           We've done some preliminary diligence and

8   believe that the (indiscernible) of the defendant's

9   assets that is required by the plea agreement will

10  demonstrate that the defendant has the ability to make

11  such payment and we believe that it would be the best

12  result around to avoid a prolonged payment timeline and

13  have payment be made at or before the time of sentencing.

14          Lastly, your Honor, I'll note that we have not

15  yet filed an appearance in this case and we're happy to

16  do so now or at a later date, whichever is the Court's

17  preference.

18          THE COURT:  Okay.  Well, work with the

19  probation department to get the necessary information for

20  restitution to be calculated in the pre-sentence report.

21  I know that they'll send you an affidavit for victim

22  impact for purposes of restitution.  You can obviously at

23  the time of sentencing submit an additional victim impact

24  sentence for the Court or even appear in person to make

25  such a statement if you wish to do so.  I'll just ask --

23

Proceedings

1   I assume the government will stay in contact and make

2   sure that you're advised of any dates for sentencing and

3   the like.

4          MS. KARAMIGIOS:  Absolutely, your Honor.

5          THE COURT:  Okay.  Anything further from

6   anyone?

7          MS. KARAMIGIOS:  Nothing from the government.

8          MR. FAGA:  Nothing, your Honor.

9          THE COURT:  Okay.  Anything else from the

10  victim?

11         MS. STANZIONE:  Nothing more from us, your

12  Honor.  Thank you.

13         THE COURT:  Okay.  All right.  Have a good day

14  everyone.

15         MR. FAGA:  Thank you, sir.

16         MS. KARAMIGIOS:  Thank you, Judge.

17                    (Matter concluded)

18                        -oOo-

19

20

21

22

23

24

25

24

# C E R T I F I C A T E

I, MARY GRECO, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **12th** day of **February**, 2022.

*Mary Greco*

Transcriptions Plus II, Inc.