UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JANE DOE,

      Plaintiff,

  v.

THOMAS BLAHA,

      Defendant.

Civil Action No. 25-1569

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO PROCEED ANONYMOUSLY

Jack McNeily
Priya Purohit (*pro hac vice* forthcoming)
**LATHAM & WATKINS LLP**
330 North Wabash Ave., Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Email: Jack.McNeily@lw.com
       Priya.Purohit@lw.com

Wenyi Gu
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: Wendy.Gu@lw.com

*Attorneys for Plaintiff Jane Doe*

# TABLE OF CONTENTS

Page

BACKGROUND ................................................................................................................................1

ARGUMENT ....................................................................................................................................2

    A.    Courts Consistently Permit Plaintiffs To Proceed Anonymously Under These Circumstances ...........................................................................................2

    B.    Plaintiff Is Entitled To Proceed Anonymously Under The *Sealed Plaintiff* Factors .................................................................................................................4

        1.    Factor One: The Litigation Involves Matters Of The Most Highly Sensitive And Personal Nature Conceivable ..............................................4

        2.    Factors Two, Three, And Four: Plaintiff Faces, And Is Particularly Vulnerable To, Risk Of Harm From Disclosure Of Her Identity ...............5

        3.    Factor Six: Defendant Will Not Be Prejudiced If The Motion Is Granted ...................................................................................................6

        4.    Factor Seven: Plaintiff's Identity Has Thus Far Remained Confidential ..............................................................................................7

        5.    Factor Eight: There Is No Public Interest In Disclosing Plaintiff's Identity ....................................................................................................7

        6.    Factor Ten: There Is No Alternative Mechanism For Protecting Plaintiff's Confidentiality ..................................................................8

CONCLUSION ................................................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Doe No. 2 v. Kolko*,
   242 F.R.D. 193 (E.D.N.Y. 2006) ................................................................................. *passim*

*Doe on behalf of Doe No. 1 v. Nygard*,
   2020 WL 4890427 (S.D.N.Y. Aug. 20, 2020) ............................................................... *passim*

*Doe v. Colgate Univ.*,
   2016 WL 1448829 (N.D.N.Y. Apr. 12, 2016) ......................................................................... 6

*Doe v. Salina*,
   2024 WL 1259362 (E.D.N.Y. Mar. 25, 2024) ......................................................................... 6

*Doe v. Smith*,
   105 F. Supp. 2d 40 (E.D.N.Y. 1999) ................................................................................... 5, 6

*Doe v. Vassar Coll.*,
   2019 WL 5963482 (S.D.N.Y. Nov. 13, 2019) ...................................................................... 2, 5

*Does I Thru XXIII v. Advanced Textile Corp.*,
   214 F.3d 1058 (9th Cir. 2000) .................................................................................................. 2

*Sealed Plaintiff v. Sealed Defendant*,
   537 F.3d 185 (2d Cir. 2008) ........................................................................................ *passim*

**RULES**

Fed. R. Civ. P. 10(a) ........................................................................................................................ 2

Fed. R. Civ. P. 17 ............................................................................................................................ 2

# BACKGROUND

Plaintiff, by and through this Motion, seeks to proceed anonymously in this action by using a pseudonym in the Complaint and all other filings.

Plaintiff, a victim of child sexual exploitation, sex trafficking, and abuse brings this action against the perpetrator of those crimes, Defendant Thomas Blaha, for violations of federal criminal statutes governing child sexual exploitation and abuse and child sex trafficking. Defendant pleaded guilty to criminal sexual exploitation of Plaintiff and is currently serving a 200-month prison sentence as a result of his criminal conduct.

Plaintiff seeks to proceed anonymously due to the highly personal and sensitive nature of the facts of this case, including graphic details of the heinous sexual abuse Plaintiff suffered by Defendant while only a minor child. Given the serious and sensitive nature of the facts of this case, Plaintiff will suffer significant personal embarrassment and further psychological and emotional injury if forced to proceed in this action using her real name. Plaintiff's identity has been kept anonymous in the related criminal action, *United States v. Blaha*, 20-cr-220 (E.D.N.Y), which was based on an identical set of facts. Allowing Plaintiff to proceed anonymously in this civil case is necessary to protect Plaintiff's strong privacy interests both now and in the future. Granting this Motion will not impose any prejudice on Defendant, who is fully aware of the facts of this case as well as Plaintiff's identity.

Accordingly, Plaintiff respectfully requests that the Court grant this Motion and permit Plaintiff to file a Complaint and proceed in this litigation anonymously, using the pseudonym "Jane Doe."

## ARGUMENT

### A. Courts Consistently Permit Plaintiffs To Proceed Anonymously Under These Circumstances

Federal Rule of Civil Procedure ("Rule") 10(a) provides that "[t]he title of the complaint must name all the parties." Further, Rule 17 states that every action shall be prosecuted in the name of the real party in interest. Nevertheless, courts are not strictly bound by these Rules and retain broad discretion to permit a plaintiff to bring an action anonymously. *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) ("Whether to allow a plaintiff to proceed anonymously is within the court's discretion."). Courts permit parties to preserve their anonymity in judicial proceedings where "the party's need for anonymity outweighs [1] prejudice to the opposing party and [2] the public's interest in knowing the party's identity." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) (quoting *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000)); *Kolko*, 242 F.R.D. at 195. In particular, courts have recognized the importance of anonymity for victims of sexual assault. *See, e.g.*, *Kolko*, 242 F.R.D. at 195 ("[S]exual assault victims are a paradigmatic example of those entitled to a grant of anonymity."); *Doe v. Vassar Coll.*, 2019 WL 5963482, at *1 (S.D.N.Y. Nov. 13, 2019) ("Courts have recognized the important public interest in protecting the identities of sexual assault victims to ensure that other victims would not be deterred from reporting similar crimes.").

The Second Circuit instructs that "when determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff*, 537 F.3d at 189. The Second Circuit has identified ten non-exhaustive factors that a district court may consider as part of that balancing determination:

 (1) whether the litigation involves matters that are highly sensitive and of a personal nature;

(2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;

(3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;

(4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of their age;

(5) whether the suit is challenging the actions of the government or that of private parties;

(6) whether the defendant is prejudiced by allowing the plaintiff to press their claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

(7) whether the plaintiff's identity has thus far been kept confidential;

(8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose their identity;

(9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

(10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 189-90 (cleaned up). While a district court is not required to apply each of the foregoing factors in every case, it must consider and give appropriate weight to a plaintiff's interests in anonymity. *Id.* at 190-91 & n.4; *see also Doe on behalf of Doe No. 1 v. Nygard*, 2020 WL 4890427, at *2 (S.D.N.Y. Aug. 20, 2020).

Here, as explained below, the application of the *Sealed Plaintiff* factors overwhelmingly supports granting Plaintiff's motion to proceed anonymously.

### B. Plaintiff Is Entitled To Proceed Anonymously Under The *Sealed Plaintiff* Factors

#### 1. Factor One: The Litigation Involves Matters Of The Most Highly Sensitive And Personal Nature Conceivable

This action—which Plaintiff files to address Defendant's sexual exploitation, trafficking, and abuse of Plaintiff as a minor—is of the most highly sensitive and personal nature imaginable. Courts in the Second Circuit have repeatedly recognized the inherently sensitive and personal nature of sexual assault allegations, reiterating that "sexual assault victims are a paradigmatic example of those entitled to a grant of anonymity." *Kolko*, 242 F.R.D. at 195. This is, at least in part, because sexual assault victims "endure[d] a terrible invasion of their physical privacy[,]" and therefore "have a right to expect that this violation will not be compounded by a further invasion of their privacy." *Id.* at 196 (citation omitted). That Plaintiff was a minor at the time of Defendant's sexual abuse "further amplif[ies] [her] right to privacy." *Nygard*, 2020 WL 4890427, at *3.

In particular, the Complaint recounts in graphic detail the sexual abuse that Plaintiff, then a minor, suffered at Defendant's hands, including instances where: (1) Plaintiff's sister took sexually explicit videos and photographs of Plaintiff to send to Defendant (Compl. ¶ 13); (2) Defendant forcibly drugged and raped Plaintiff (while Plaintiff was conscious and unconscious) (Compl. ¶¶ 15-17); (3) Defendant restrained Plaintiff so that she could not resist his sexual assault (Compl. ¶ 18); (4) Defendant forced Plaintiff to perform oral and anal sex on him (Compl. ¶ 18); and (5) Defendant videotaped the sexual assault (Compl. ¶ 18). The Complaint also describes both the physical and psychological trauma, including the suicidal thoughts, that Plaintiff has suffered as a result of Defendant's horrific abuse. Compl. ¶¶ 20, 22, 28. Given the extreme sensitivity and personal nature of these allegations, Factor One alone should be dispositive in permitting Plaintiff to proceed anonymously. *See Kolko*, 242 F.R.D. at 196, 98 (granting anonymity in child sexual

assault case, noting that courts have granted anonymity in cases involving "matters of the utmost intimacy, including sexual assault"); *Nygard*, 2020 WL 4890427, at *3 (granting anonymity in child sexual assault case, reiterating "this litigation involves matters that are highly sensitive and personal in nature"); *Vassar Coll.*, 2019 WL 5963482, at *2 (granting anonymity in sexual assault case where "[t]here is little question that the instant case involves matters that are highly sensitive or of a personal nature").

### 2. Factors Two, Three, And Four: Plaintiff Faces, And Is Particularly Vulnerable To, Risk Of Harm From Disclosure Of Her Identity

Requiring Plaintiff to publicly disclose her identity in this action would expose her to significant risks of retaliatory harm and reliving the psychic harms first suffered as a result of Defendant's sexual abuse of her.

To warrant anonymity, the potential retaliatory harm may be physical or mental. *Sealed Plaintiff*, 537 F.3d at 190. The threat of retaliation need not come from the defendant himself; rather, it may come from the general community or even non-parties. *See Doe v. Smith*, 105 F. Supp. 2d 40, 45 (E.D.N.Y. 1999) ("[C]ourts have allowed plaintiffs to proceed anonymously where disclosure of their identities created a risk of harm from third parties unaffiliated with the case."). Courts have recognized that victims of sexual assault against children may be subject to retaliation from their communities if forced to litigate against their perpetrators publicly. *See Kolko*, 242 F.R.D. at 197 (granting anonymity in child sexual assault case after determining that "[g]iven the ease with which the public could access court files in this case, it is reasonable that plaintiff's fears [of retaliation and ostracism]" were supported).

Further, public disclosure of Plaintiff's identity and intimate details about the abuse that she suffered as a child will not only humiliate and stigmatize Plaintiff, but will also force her to relive her past trauma and subject her to further suffer the psychological harms caused by the

5

sexual abuse in the first instance. *See Doe v. Colgate Univ.*, 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016) (granting anonymity in sexual assault case where "forcing Plaintiff to reveal his identity would further exacerbate the emotional and reputational injuries he alleges"); *Smith*, 105 F. Supp. 2d at 45 (granting anonymity where "harm may result from the plaintiff's own mental condition"). Plaintiff is particularly vulnerable to these potential harms given her age. *Sealed Plaintiff*, 537 F.3d at 190; *see Doe v. Salina*, 2024 WL 1259362, at *5 (E.D.N.Y. Mar. 25, 2024) ("Age is a critical factor in determining whether a party is especially vulnerable to the harms of disclosure and consequently courts have been readier to protect the privacy interest of minors in legal proceedings than those of adults."). This case arises from the heinous sexual abuse, trafficking, and exploitation that Plaintiff suffered starting when she was approximately eleven or twelve years old. Compl. ¶ 12; *see also* Ex. 1,[1] Pleading Tr. at 17:17-19:6, *United States v. Blaha*, No. 20-cr-220 (E.D.N.Y. Feb. 15, 2022), ECF No. 36 (Defendant pleading guilty to sexual exploitation of Plaintiff when she was a minor). While Plaintiff is no longer a minor, she is only eighteen years old, and remains close in time to the abuse that she suffered. *See Nygard*, 2020 WL 4890427, at *1 (granting motion to proceed anonymously where one of the child sexual abuse victims was approximately thirty-one years old at the time of suit).

### 3. Factor Six: Defendant Will Not Be Prejudiced If The Motion Is Granted

Balanced against the considerable expected harm to Plaintiff if forced to proceed under her real name, Defendant would suffer no prejudice if Plaintiff is allowed to proceed anonymously. Defendant is not only aware of Plaintiff's identity and all of the facts alleged in the Complaint, but has already pleaded guilty to criminal violations relating to such allegations.

---

[1] All exhibit references are to the Declaration of Jack McNeily submitted herewith in support of the Motion for Leave to Proceed Anonymously.

Courts will allow a plaintiff to proceed anonymously where, as here, the plaintiff's identify is known to the defendant. *See Kolko*, 242 F.R.D. at 198 ("Other than the need to make redactions and take measures not to disclose plaintiff's identity, defendants will not be hampered or inconvenienced merely by plaintiff's anonymity in court papers. Indeed, defendants already know plaintiff's true identity."). Defendant was Plaintiff's abuser for several years and is entirely familiar with the facts of this case, as well as Plaintiff's identity. Indeed, in pleading guilty to the parallel criminal case, Defendant acknowledged that he induced Plaintiff to engage in sexually explicit conduct when he knew Plaintiff was a minor. *See* Ex. 1, Pleading Tr. at 18:24-19:6, *United States v. Blaha*, 20-cr-220 (E.D.N.Y. Feb. 15, 2022), ECF No. 36. Moreover, Plaintiff testified against Defendant at Defendant's sentencing hearing, so there is no question that he is aware of Plaintiff's identity. *See* Ex. 2, Criminal Cause for Sentencing, *United States v. Blaha*, 20-cr-220 (E.D.N.Y. Nov. 2, 2022), ECF No. 49. The sixth factor overwhelmingly favors anonymity.

### 4. Factor Seven: Plaintiff's Identity Has Thus Far Remained Confidential

Throughout the parallel criminal case against Defendant arising from the same conduct at issue in this case, Plaintiff's identity was kept confidential from the general public. *See generally United States v. Blaha*, 20-cr-220 (E.D.N.Y.). The confidential nature of Plaintiff's identity in this prior related action favors granting the Motion.

### 5. Factor Eight: There Is No Public Interest In Disclosing Plaintiff's Identity

The public interest strongly favors granting Plaintiff's request to proceed anonymously. Plaintiff, who has maintained her anonymity to this point, is not a public figure, and her identity is not otherwise significant to the public. Far from it. In fact, the public "has a strong interest in protecting the identities of sexual assault victims[, such as Plaintiff,] so that other victims will not be deterred from reporting such crimes." *Kolko*, 242 F.R.D. at 195; *Nygard*, 2020 WL 4890427,

at *3. Forcing Plaintiff to disclose her identity in this case would have a chilling effect on the willingness of other similarly situated victims to bring forth claims of child sexual exploitation, trafficking, and abuse, out of fear of disclosure, retaliation, and stigmatization.

The lack of public interest in disclosing Plaintiff's identity weighs in favor of anonymity.

### 6. Factor Ten: There Is No Alternative Mechanism For Protecting Plaintiff's Confidentiality

Finally, the Court should grant the Motion because there is no alternative, narrowly tailored mechanism for protecting Plaintiff's identity. By requesting that Plaintiff be permitted to proceed anonymously—rather than requesting that this action be sealed in its entirety—the Motion limits the relief sought to the specific needs of the case, balancing Plaintiff's interests in confidentiality and non-retaliation against any competing interests in disclosure of resolution of the legal issues in the case. The lack of alternative mechanism for protecting Plaintiff's confidentiality weighs in favor of anonymity.

## CONCLUSION

Taken as a whole, the *Sealed Plaintiff* factors weigh strongly in favor of granting Plaintiff's Motion for Leave to Proceed Anonymously. Plaintiff respectfully requests that this Court allow her to file a Complaint and proceed in this lawsuit anonymously, using the pseudonym "Jane Doe."

Dated: March 21, 2025
       Chicago, Illinois

                                    */s/ Jack McNeily*
                                    Jack McNeily
Priya Purohit (*pro hac vice* forthcoming)
**LATHAM & WATKINS LLP**
330 North Wabash Ave., Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Email: Jack.McNeily@lw.com
       Priya.Purohit@lw.com

Wenyi Gu
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: Wendy.Gu@lw.com

*Attorneys for Plaintiff Jane Doe*

## CERTIFICATE OF COMPLIANCE

I, Jack McNeily, an attorney duly admitted to practice before this Court, hereby certify pursuant to Local Rule 7.1(c) of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), that the foregoing Memorandum of Law was prepared using Microsoft Word and contains 2,382 words in accordance with the Local Rules. In making this calculation, I have relied on the word count of the word-processing system used to prepare the document.

Dated: March 21, 2025
       Chicago, Illinois

                                              */s/ Jack McNeily*
                                              Jack McNeily