**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

JANE DOE,

                           Plaintiff,

         v.

THOMAS BLAHA,

                          Defendant.

Civil Action No. 25-1569

**[PROPOSED]** <u>**ORDER**</u>

---

Before the Court is the motion of Plaintiff Jane Doe for a default judgment against Defendant Thomas Blaha ("Defendant"). Plaintiff bought suit pursuant to 18 U.S.C. § 2255(a) and 18 U.S.C. § 1595(a) to recover damages as a victim of Defendant's criminal violations of 18 U.S.C. § 2251 and 18 U.S.C. § 1591, respectively. (<u>See generally</u> Compl., ECF No. 1.) Although Defendant was properly served with copies of the summons and complaint on May 1, 2025, he failed to appear or otherwise defend against the action. (<u>See</u> ECF Nos. 10, 11.) On September 3, 2025, the Clerk of the Court entered the default. (ECF No. 13.) For the below reasons, Plaintiff's Motion is GRANTED.

## I. DISCUSSION

**A.**     <u>**Defendant Defaulted**</u>

The record reflects that Defendant was properly served in this action. (<u>See</u> ECF No. 10.) Defendant, however, has not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action. (<u>See</u> ECF Nos. 11, 13). Accordingly, the Court finds Defendant in default.

**B.    <u>Liability</u>**

Before imposing a default judgment, the Court is required to accept Plaintiff's well-pleaded allegations as true.  <u>See</u> <u>Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC</u>, 779 F.3d 182, 187 (2d Cir. 2015) (per curiam).  However, this Court also must determine whether the allegations in the complaint establish Defendant's liability as a matter of law.  <u>Id.</u>  Here, Plaintiff's two claims met those requirements.  (<u>See</u> Compl. ¶¶ 32-41.)

**C.    <u>Damages</u>**

"[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."  <u>Bricklayers & Allied Craftworkers Local 2</u>, 779 F.3d at 189 (alteration in original) (quoting <u>Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.</u>, 699 F.3d 230, 234 (2d Cir. 2012)).  The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty."  <u>Credit Lyonnais Sec. (USA), Inc. v. Alcantara</u>, 183 F.3d 151, 155 (2d Cir. 1999) (citing <u>Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.</u>, 109 F.3d 105, 111 (2d Cir. 1997)).  Federal Rule of Civil Procedure 55(b)(2) does not require an evidentiary hearing, and the Court may determine that there is sufficient evidentiary basis for the damages sought by Plaintiff by reviewing affidavits and other documentary evidence. <u>See</u> <u>Cement & Concrete Workers Dist. Council Welfare Fund</u>, 699 F.3d at 234; <u>Fustok v. ContiCommodity Servs., Inc.</u>, 873 F.2d 38, 40 (2d Cir. 1989).

The evidence submitted by Plaintiff establishes to a reasonable certainty, that Plaintiff is owed:

1.  $150,000 in liquidated damages under 18 U.S.C. § 2255(a); and

2. $2,000,000 in compensatory damages for emotional distress and pain and suffering and $2,000,000 in punitive damages, for a total of $4,000,000 in damages under 18 U.S.C. § 1595(a).

## II. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Entry of Default Judgment is GRANTED. Defendant is liable to Plaintiff in the amount of $4,150,000.

The Clerk of the Court is respectfully directed to mail a copy of this Memorandum and Order to Defendant at his address of record.

**SO ORDERED.**

Dated: _____, 2026
Central Islip, New York

_____
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE