**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

JANE DOE,

        Plaintiff,

        v.

THOMAS BLAHA,

        Defendant.

Civil Action No. 25-1569

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT</u>**

Jack McNeily
**LATHAM & WATKINS LLP**
330 North Wabash Ave., Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Email: Jack.McNeily@lw.com


Wenyi Gu
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: Wendy.Gu@lw.com

*Attorneys for Plaintiff Jane Doe*

## TABLE OF CONTENTS

**Page(s)**

PRELIMINARY STATEMENT ..............................................................................................1

FACTUAL BACKGROUND ................................................................................................2

    A.    Defendant Sexually Exploited, Trafficked, and Abused Plaintiff as a
Child, Causing Severe Physical and Psychological Distress ..................................2

    B.    Defendant Pleaded Guilty to Sexual Exploitation of a Child in Violation of
18 U.S.C. §§ 2251(c) and (e) ................................................................................4

LEGAL STANDARD............................................................................................................6

ARGUMENT .........................................................................................................................7

    A.    Defendant's Letter to Plaintiff's Counsel Establishes Willful Default...................8

    B.    Defendant Has Failed to Provide Any Evidence of a Meritorious Defense
in His Failure to Answer .......................................................................................9

    C.    Ignoring Defendant's Default Would Greatly Prejudice Plaintiff's Ability
to Recover for Severe Physical and Psychological Trauma Suffered......................9

    D.    Plaintiff's Well-Pleaded Allegations Establish Liability for Defendant's
Commission of Covered Offenses Against Plaintiff as the Victim .......................10

        1.    Plaintiff's Criminal Violation of 18 U.S.C. § 2251 Establishes
Civil Liability under 18. U.S.C. § 2255(a) (Count I)................................10

        2.    Plaintiff's Criminal Violation of 18 U.S.C. § 1591 Establishes
Civil Liability under 18. U.S.C. § 1595(a) (Count II) ...............................11

    E.    An Inquest on Damages Is Not Necessary Because Plaintiff Has
Established the Requisite Facts for This Court to Grant Plaintiff's
Requested Damages ..............................................................................................12

        1.    Plaintiff's Victimhood Entitles Her to Liquidated Damages under
18 U.S.C. § 2255(a) ...............................................................................12

        2.    Plaintiff's Victimhood Entitles Her to Emotional Distress and
Punitive Damages under 18 U.S.C. § 1595(a)..........................................14

            a.    Plaintiff's Victimhood Entitles Her to $2 Million in
Emotional Distress Damages .........................................................14

(1)    This Circuit's Precedent Supports a $2 Million Damages Award for Emotional Distress.............................16

(2)    Plaintiff's Age and Defendant's Prolonged Trafficking and Abuse of Plaintiff Support a Higher Damages Award.................................................19

b.    Plaintiff's Victimhood Entitles Her to $2 Million in Punitive Damages ..........................................................20

CONCLUSION............................................................................................22

**Page(s)**

**CASES**

*"Jenny" v. Blaha*,
2:23-cv-07051-JMA-ST (E.D.N.Y. July 1, 2024) ......................................................... *passim*

*145 Marcus Blvd., Inc. v. F&H Mfg. Corp.*,
2007 WL 9724694 (E.D.N.Y. Mar. 13, 2007) ...................................................................8

*Action S.A. v. Marc Rich & Co., Inc.*,
951 F.2d 504 (2d Cir. 1991).............................................................................................7

*Antoine v. Brooklyn Maids 26, Inc.*,
489 F. Supp. 3d 68 (E.D.N.Y. 2020) ...........................................................................9, 21

*Bank of Am., N.A. v. NMR Realty Abstract Servs., Ltd.*,
2013 WL 12358272 (E.D.N.Y. Mar. 14, 2013), *report and recommendation
adopted*, 12-CV-00797  (E.D.N.Y. Mar. 30, 2013) ...................................................6

*Bridge Oil Ltd. v. Emerald Reefer Lines, LLC*,
2008 WL 5560868 (S.D.N.Y. Oct. 27, 2008)...................................................................9

*Cara v. Salley*,
2024 WL 1859854 (W.D. Wash. Apr. 29, 2024)...........................................................13

*Credit Lyonnais Sec., Inc. v. Alcantara*,
183 F.3d 151 (2d Cir. 1999)..........................................................................................12

*Doe v. Boland*,
698 F.3d 877 (6th Cir. 2012) .........................................................................................15

*Doe v. Bruno*,
2017 WL 1424298 (D. Conn. Apr. 20, 2017).................................................................15

*Doe v. City of Waterbury*,
2009 WL 3348314 (D. Conn. Oct. 15, 2009) ............................................................17, 20

*Doe v. Gonzalez*,
2023 WL 5979182 (E.D.N.Y. Aug. 4, 2023), *report and recommendation
adopted in part, rejected in part on other grounds*, 2023 WL 6211023
(E.D.N.Y. Sept. 25, 2023).........................................................................................17, 18

*Doe v. Hesketh*,
828 F.3d 159 (3d Cir. 2016)........................................................................................13, 15

*Doe v. Hyassat*,
  2024 WL 2862547 (S.D.N.Y. Apr. 11, 2024), *report and recommendation
  adopted*, 2024 WL 1955354 (S.D.N.Y. May 3, 2024)............................................................21

*Doe v. Warren & Baram Mgmt. LLC*,
  2024 WL 2941222 (S.D.N.Y. May 3, 2024), *report and recommendation
  adopted sub nom. Doe v. Baram*, 2024 WL 3342602 (S.D.N.Y. July 9, 2024) ............. *passim*

*Dole v. Joshi*,
  2023 WL 3975113 (E.D. Mo. June 13, 2023) ....................................................................13

*First Horizon Bank v. Moriarity-Gentile*,
  2012 WL 4481509 (E.D.N.Y. Aug. 17, 2012), *report and recommendation
  adopted*, 2012 WL 4481453 (E.D.N.Y. Sept. 27, 2012).......................................................8

*First Mercury Ins. Co. Inc. v. Schnabel Roofing of Long Island, Inc.*,
  2011 WL 883757 (E.D.N.Y. Mar. 11, 2011)........................................................................7

*Fustok v. ContiCommodity Servs., Inc.*,
  873 F.2d 38 (2d Cir. 1989)..............................................................................................15

*Greathouse v. JHS Sec. Inc.*,
  784 F.3d 105 (2d Cir. 2015)..............................................................................................6

*Joseph v. HDMJ Restaurant, Inc.*,
  970 F. Supp. 2d 131 (E.D.N.Y. 2013) ...............................................................................9

*M.M. v. Manzano*,
  2023 WL 4901650 (D. Conn. Aug. 1, 2023) ....................................................................13

*Mathie v. Fries*,
  935 F. Supp. 1284 (E.D.N.Y. 1996), *aff'd in part and remanded in part*, 121
  F.3d 808 (2d Cir. 1997)...................................................................................................16

*Menjivar v. Azar*,
  2025 WL 71706 (E.D.N.Y. Jan. 10, 2025) ...........................................................10, 12, 14

*NEC Fin. Servs., LLC v. Victoria Edward Spa & Wellness, LLC*,
  2025 WL 101595 (E.D.N.Y. Jan. 15, 2025) .......................................................................6

*New York City Dist. Council of Carpenters Pension Fund v. Forde*,
  2018 WL 2455437 (S.D.N.Y. June 1, 2018), *report and recommendation
  adopted as modified*, 341 F. Supp. 3d 334 (S.D.N.Y. 2018) ..............................................13

*Noonan v. Becker*,
  2018 WL 1738746 (S.D.N.Y. Apr. 10, 2018), *report and recommendation
  adopted*, 2018 WL 2088279 (S.D.N.Y. May 3, 2018)....................................................16, 22

*Oluoch v. Orina*,
101 F. Supp. 3d 325 (S.D.N.Y. 2015)..................................................................14

*Ortiz v. New York City Hous. Auth.*,
22 F. Supp. 2d 15 (E.D.N.Y. 1998), *aff'd*, 198 F.3d 234 (2d Cir. 1999).................17

*Patterson v. Balsamico*,
440 F.3d 104 (2d Cir. 2006)................................................................................20

*Riascos-Hurtado v. Raines*,
422 F. Supp. 3d 595 (E.D.N.Y. 2019) .................................................................17

*Sahebdin v. Khelawan*,
2022 WL 4451005 (E.D.N.Y. Sept. 24, 2022) .....................................................14

*Shukla v. Sharma*,
2012 WL 481796 (E.D.N.Y. Feb. 14, 2012).....................................................16, 19

*St. Louis v. Perlitz*,
176 F. Supp. 3d 97 (D. Conn. 2016)....................................................................10

*Stines v. Sanchez*,
2025 WL 3701734 (S.D.N.Y. Dec. 22, 2025), *report and recommendation
adopted*, 2026 WL 196391 (S.D.N.Y. Jan. 26, 2026).......................................17, 21

*United States v. Blaha*,
20-cr-220 (E.D.N.Y. Feb. 15, 2022) ................................................................5, 7, 11

*United States v. Blaha*,
20-cr-220 (E.D.N.Y. Nov. 2, 2022) ...................................................................2, 12

*United States v. Griffith*,
2000 WL 1253265 (S.D.N.Y. Sept. 5, 2000)..........................................................3

**STATUTES**

18 U.S.C.

§ 1591...................................................................................................5, 11, 12
§ 1595(a) ............................................................................................ *passim*
§ 2251 ................................................................................................ *passim*
§ 2251(a) ......................................................................................................11
§ 2251(c) ............................................................................................ *passim*
§ 2251(e) ............................................................................................ *passim*
§ 2252(a)(2) .................................................................................................13
§ 2252(b)(1) .................................................................................................13
§ 2255 ..........................................................................................................13
§ 2255(a) ............................................................................................ *passim*
§ 2259(c)(2) .................................................................................................15

Pub. L. No. 106-386, § 102(a), 114 Stat. 1466 (2000) .................................................14

**RULES**

Fed. R. Civ. P.

12....................................................................................................5, 6, 8
55(a) ..............................................................................................................6
55(b)(2) ......................................................................................................1, 6

**OTHER AUTHORITIES**

*New York Man Charged for Traveling Abroad for Sex Acts with Minor*, U.S.
IMMIGR. & CUSTOMS ENF'T (June 19, 2020),
https://www.ice.gov/news/releases/new-york-man-charged-traveling-abroad-
sex-acts-minor.......................................................................................................4

Pursuant to Federal Rule of Civil Procedure 55(b)(2), Plaintiff Jane Doe respectfully submits this memorandum of law in support of her motion for default judgment against Defendant Thomas Blaha.

## PRELIMINARY STATEMENT

Plaintiff commenced this action against Defendant Blaha to recover damages for Defendant's yearslong criminal perpetration of child sexual abuse against her. These damages not only grant Plaintiff financial compensation for her suffering, but are also instrumental in her ability to rebuild and recover from the severe physical and psychological trauma she endures to this day.

This civil action follows Defendant's criminal prosecution by the U.S. Attorney's Office for the Eastern District of New York for crimes relating to Plaintiff, which resulted in Defendant pleading guilty to one count of sexual exploitation of a child, in violation of 18 U.S.C. §§ 2251(c) and (e). Ex. 1, ECF No. 1 (Complaint) at ¶ 25. Plaintiff filed her Complaint in this action against Defendant on March 21, 2025. Ex. 1, ECF No. 1 (Complaint). Defendant was personally served with the Complaint on May 1, 2025. Ex. 2, ECF No. 10 (Summons Returned Executed). The summons informed Defendant that he had 21 days to answer or otherwise respond to the Complaint and that failure to respond would result in "judgment by default" entered against him "for the relief demanded in the complaint." *Id*. at 2. Defendant failed to answer or file a motion under Federal Rule of Civil Procedure ("FRCP") 12 by the May 22, 2025 deadline. Decl. of J. McNeily at ¶¶ 5-8. The Clerk of Court entered a certificate of default on September 3, 2025. Ex. 5, ECF No. 13 (Clerk's Cert. of Default). As such, the Court may now enter judgment by default against Defendant.

Default judgment is appropriate under this Circuit's law because Plaintiff has presented well-pleaded allegations establishing her entitlement to damages under 18 U.S.C. §§ 2255(a) and 1595(a) because of Defendant's conduct. The amount of damages Plaintiff seeks is reasonably

certain under both statutory provisions. Further, default judgment is appropriate because: (1) Defendant willfully defaulted by failing to file an answer; (2) Defendant failed to present any defense; and because (3) Plaintiff would be greatly prejudiced if this Court were to ignore default.

<u>**FACTUAL BACKGROUND**</u>

Plaintiff is a native of the Philippines, where she resided over the course of Defendant's abuse. Ex. 1, ECF No. 1 (Complaint) at ¶ 10. Plaintiff is now nineteen years old, and resides outside of the State of New York. *Id.* ¶ 5. She is a victim of child sexual exploitation, sex trafficking, and abuse by Defendant, which was depicted in images of child pornography seized from Defendant's possession. *Id.* ¶ 6. Defendant is an adult who, upon information and belief, was a resident of the State of New York prior to his imprisonment. *Id.* ¶ 7. He is currently incarcerated at the Fort Dix Federal Correctional Institution in New Jersey and is serving out his 200-month sentence. Ex. 7, ECF No. 50 (Judgment, *United States v. Blaha*, 20-cr-220 (E.D.N.Y. Nov. 2, 2022); Ex. 2, ECF No. 10 (Summons Returned Executed).

**A. Defendant Sexually Exploited, Trafficked, and Abused Plaintiff as a Child, Causing Severe Physical and Psychological Distress**

Around the spring of 2018, Plaintiff's older sister introduced Plaintiff to Defendant over Facetime, after which Defendant added Plaintiff as a friend on Facebook. Ex. 1, ECF No. 1 (Complaint) at ¶ 11. At the time of this online meeting, Plaintiff was a minor—approximately eleven or twelve years old—and Defendant knew that Plaintiff was underage. *Id.* ¶ 12.

Shortly after meeting Defendant online and up until Plaintiff's rescue in January 2020, Defendant asked Plaintiff's sister to take sexually explicit videos and photographs of Plaintiff in exchange for money. *Id.* ¶ 13. Plaintiff's sister did so on at least six occasions. *Id.* These photographs and videos depicted Plaintiff in her underwear and while nude, sometimes with a vibrator. *Id.*

Defendant's virtual exploitation quickly escalated to physical sexual abuse. In or around the summer of 2018, Plaintiff's sister took Plaintiff to meet Defendant in person at the Makati Shangri-La Hotel in Manila. *Id.* ¶ 14. Defendant traveled to the Philippines from the United States for the specific purpose of meeting Plaintiff in person. *Id.* At that meeting, Defendant brought Plaintiff to his hotel room where he gave Plaintiff a drink that made her dizzy and fall asleep. *Id.* ¶ 15. When Plaintiff woke up, she was naked and her entire body hurt, including her genitals. *Id.* Plaintiff observed blood on her body and the bed. *Id.* Thereafter, Plaintiff had pain when walking and observed blood in her urine. *Id.* Defendant threatened Plaintiff not to tell anyone what had happened during their meeting. *Id.* ¶ 16.

For more than a year following this initial meeting, and against Plaintiff's objections, Plaintiff's sister repeatedly took Plaintiff to meet Defendant at the Makati Shangri-La Hotel, where Defendant would forcibly rape Plaintiff, while she was both conscious and unconscious. *Id.* ¶ 17. Despite Plaintiff's cries, pleas to stop, and attempts to fight back, Defendant would rape her, including by forcing her to perform oral and anal sex. *Id.* ¶ 18. Defendant recorded the sexual assault on his camera on more than one occasion. *Id.* Sometimes, Defendant tied up Plaintiff's hands so that she could not fight back. *Id.* On at least one occasion, when Plaintiff tried to fight back, Defendant threatened to kill Plaintiff's mother if Plaintiff reported the abuse. *Id.* ¶ 19. Plaintiff believed Defendant could and would kill her mother. *Id.* Throughout these encounters, Plaintiff was a minor of approximately eleven or twelve years of age, and thus was not capable of providing consent. *See United States v. Griffith*, 2000 WL 1253265, at *18 (S.D.N.Y. Sept. 5, 2000) (noting that "minors are incapable of 'consenting' to sexual intercourse").

As a result of Defendant's repeated sexual assaults and exploitation, Plaintiff suffered severe physical pain and injury. Ex. 1, ECF No. 1 (Complaint) at ¶ 20. Defendant's abuse also

caused Plaintiff to experience severe mental distress, including suicidal thoughts. *Id.* Plaintiff was rescued by law enforcement in the Philippines on or around January 18, 2020. *Id.* ¶ 21. Plaintiff continues to suffer physical and psychological trauma as a result of Defendant's yearslong sexual exploitation, sex trafficking, and abuse of Plaintiff when she was a child. *Id.* ¶ 22; Ex. 8 (Victim Impact Statement) at ¶¶ 10, 12, 15. The effects of Defendant's crimes will be long-lasting— indeed, as Plaintiff previously testified under oath, ███████████████████████████████ ███████████████████████████████████ Ex. 8 (Victim Impact Statement) at ¶ 15.

**B.  Defendant Pleaded Guilty to Sexual Exploitation of a Child in Violation of 18 U.S.C. §§ 2251(c) and (e)**

After an investigation by the U.S. Department of Homeland Security exposed Defendant's pattern of abuse, law enforcement undertook victim rescue efforts, and Defendant was arrested on or around February 20, 2020. *New York Man Charged for Traveling Abroad for Sex Acts with Minor*, U.S. IMMIGR. & CUSTOMS ENF'T (June 19, 2020), https://www.ice.gov/news/releases/new-york-man-charged-traveling-abroad-sex-acts-minor; Ex. 1, ECF No. 1 (Complaint) at ¶ 23. On June 18, 2020, Defendant was indicted in the United States District Court for the Eastern District of New York, on charges of (i) travel with intent to engage in illicit sexual conduct with a child referenced as "Jane Doe," (ii) sexual exploitation of a child referenced as "Jane Doe," (iii) attempted sexual exploitation of a child referenced as "Jane Doe," (iv) distribution of child pornography, and (v) possession of child pornography. Ex. 1, ECF No. 1 (Complaint) at ¶ 23. Following Defendant's arrest and indictment, Plaintiff received notice from the United States Department of Justice Victim Notification System (VNS) that she is referred to as "Jane Doe" in the indictment, and that her sexually explicit images were among those possessed by Defendant in violation of federal child pornography law. *Id.* ¶ 24.

On February 10, 2022, Defendant pleaded guilty to one count of sexual exploitation of a child, in violation of 18 U.S.C. §§ 2251(c) and (e). *Id.* ¶ 25. In his plea allocution, Defendant acknowledged that he "induced [Jane Doe] to create sexually explicit video and still images" which were sent to Defendant in the United States. *Id.* ¶ 26. Defendant "knew [Jane Doe] to be a minor" in committing these crimes. Ex. 6, ECF No. 4-3 (Pleading Tr. at 19:1, *United States v. Blaha*, 20-cr-220 (E.D.N.Y. Feb. 15, 2022), ECF No. 36). This Court accepted Defendant's plea agreement on February 16, 2022. Ex. 1, ECF No. 1 (Complaint) at ¶ 27.

On November 2, 2022, Jane Doe delivered an undisputed victim impact statement by video at Defendant's sentencing hearing, testifying about the sexual exploitation and abuse that she suffered at the hands of Defendant as well as the impact that Defendant's abuse had on her. *Id.* ¶ 28. That same day, this Court sentenced Defendant to 200 months in prison. *Id.* ¶ 29. Because Plaintiff is a victim of Defendant's criminal conduct—including but not limited to his violations of 18 U.S.C. §§ 2251(c) and (e)—she has been awarded restitution as set forth in the judgment entered against Defendant on November 2, 2022. *Id.* ¶ 30.

On March 21, 2025, Plaintiff filed a complaint requesting civil damages arising out of Defendant's violations of federal criminal statutes 18 U.S.C. §§ 2251(c) and (e), which govern child sexual exploitation and abuse, and 18 U.S.C. § 1591, which criminalizes sex trafficking of children. *Id.* at ¶ 1. Defendant was served with Plaintiff's complaint and summons on May 1, 2025. Ex. 2, ECF No. 10 (Summons Returned Executed). The summons instructed Defendant that, "[w]ithin 21 days after service . . . you must serve on plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure." *Id.* On May 12, 2025, Plaintiff's Counsel received a handwritten letter from Defendant dated May 5, 2025 and postmarked May 8, 2025. Ex. 3, ECF No. 11-2 (Letter from T. Blaha to J. McNeily). Defendant

acknowledged in his letter that he had "received [Plaintiff's] lawsuit on May 1, 2025 here in FCI Fort Dix N.J." and "request[ed] an attorney to be appointed by the courts to represent me." *Id.* But Defendant did not file his letter with the Court, nor did the letter address any of Plaintiff's claims or present any defenses, as required by FRCP 12. Defendant has taken no other action aside from acknowledging that he received the Complaint—he has failed to appear, file an answer or responsive pleading, or otherwise defend the action. Therefore, on August 19, 2025, Plaintiff filed a Request for Certificate of Default and included Defendant's letter to counsel as an exhibit to that filing. Ex. 4, ECF No. 11 (Request for Cert. of Default). The Clerk of Court entered a certificate of default on September 3, 2025. Ex. 5, ECF No. 13 (Clerk's Cert. of Default).

Plaintiff now files the instant motion for default requesting default judgment for damages under 18 U.S.C. §§ 2255(a) and 1595(a).

## **LEGAL STANDARD**

The Federal Rules of Civil Procedure prescribe a two-step process for a plaintiff to obtain a default judgment: First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." *NEC Fin. Servs., LLC v. Victoria Edward Spa & Wellness, LLC*, 2025 WL 101595, at *2 (E.D.N.Y. Jan. 15, 2025) (Azrack, J.) (quoting Fed. R. Civ. P. 55(a)). Second, "after a default has been entered against the defendant, and provided the defendant failed to appear and move to set aside the default, the court may, on a plaintiff's motion, enter a default judgment." *Id.* (citing Fed. R. Civ. P. 55(b)(2)). The decision to enter a default judgment is "committed to the district court's discretion." *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015).

"When analyzing a motion for default judgment, courts look to the 'same factors which apply to a motion to set aside entry of a default.'" *Bank of Am., N.A. v. NMR Realty Abstract*

6

*Servs., Ltd.*, 2013 WL 12358272, at *4 (E.D.N.Y. Mar. 14, 2013) (Azrack, J.) (quoting *First Mercury Ins. Co. Inc. v. Schnabel Roofing of Long Island, Inc.*, 2011 WL 883757, at *1 (E.D.N.Y. Mar. 11, 2011)), *report and recommendation adopted*, 12-CV-00797 (E.D.N.Y. Mar. 30, 2013). "In addition to determining whether the plaintiff has sufficiently established liability and damages, courts look to whether: (1) the default was willful; (2) ignoring the default would prejudice the opposing party; and (3) the defaulting party has presented a meritorious defense." *Id.* at *4 (citing *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 507 (2d Cir. 1991)).

## ARGUMENT

Plaintiff is entitled to default judgment. First, Plaintiff's well-pleaded allegations establish Defendant's liability and Plaintiff's entitlement to damages from Defendant. In particular, 18 U.S.C. § 2255(a) and 18. U.S.C. § 1595(a) establish Defendant's civil liability for the covered offenses. And Defendant has already pleaded guilty to the conduct underlying these offenses in the related criminal action. Ex. 6, ECF No. 4-3 (Pleading Tr. at 17:17-20, *United States v. Blaha*, 20-cr-220 (E.D.N.Y. Feb. 15, 2022), ECF No. 36). The statutes lay out a clear calculation for damages, including but not limited to a fixed sum of $150,000 in liquidated damages. 18 U.S.C. § 2255(a).

Second, Defendant has willfully defaulted by failing to answer Plaintiff's Complaint. Plaintiff acknowledged receipt of summons and the Complaint in a letter he wrote to Plaintiff's counsel, yet he failed to file any response to the court addressing any of Plaintiff's claims or allegations, presenting any defense, or taking any other action whatsoever. Ex. 3, ECF No. 11-2 (Letter from T. Blaha to J. McNeily). Moreover, in failing to answer or otherwise respond, Defendant offers no evidence of any defense, let alone a meritorious one. Ignoring Defendant's default would greatly prejudice Plaintiff by unjustifiably postponing her ability to recover damages specifically contemplated by statute for the severe physical and psychological distress she suffered

7

at the hands of Defendant. All of these factors weigh in favor of this Court entering a default judgment and granting Plaintiff's requested relief in full.

### A. Defendant's Letter to Plaintiff's Counsel Establishes Willful Default

Defendant's letter—received by Plaintiff's counsel on May 12, 2025—establishes willful default. Ex. 3, ECF No. 11-2 (Letter from T. Blaha to J. McNeily). In the letter, Defendant acknowledges he received the Complaint, and it is undisputed that he has filed no response to the Complaint with this Court. His statements in the letter that he wanted to "request an attorney be appointed by the courts to represent [him]," that the U.S. Attorney's Office had seized his escrow money, and that he "look[s] forward to setteling [*sic*] these matters," *id.* at 2, do not satisfy his obligations to respond to the complaint under FRCP 12 but instead evidence that he considered his options and elected to do nothing. *See* Fed. R. Civ. P. 12; *First Horizon Bank v. Moriarity-Gentile*, 2012 WL 4481509, at *2 (E.D.N.Y. Aug. 17, 2012) (finding defendant in default because "defendant failed to formally answer the complaint or respond to the motion for default judgment"), *report and recommendation adopted*, 2012 WL 4481453 (E.D.N.Y. Sept. 27, 2012).

Default judgment is appropriate where a defendant fails to formally respond to a complaint. *See First Horizon Bank*, 2012 WL 4481509, at *3. Mere "attempts to challenge the complaint . . . without any further attempt to defend on the merits" are insufficient to meet a defendant's obligations under FRCP 12. *Id.* (internal quotation marks omitted) (granting default judgment where defendant had conversations with plaintiff's counsel and submitted one letter to the court, but never formally answered the complaint or responded to the motion for default judgment). Further, in adjudicating willful default, courts have routinely held defendants accountable for proactively securing counsel and, if unable to secure such counsel, proceeding *pro se. See, e.g.*, *145 Marcus Blvd., Inc. v. F&H Mfg. Corp.*, 2007 WL 9724694, at *4 (E.D.N.Y. Mar. 13, 2007). Plaintiff's counsel is unaware of any action taken by Defendant to secure court-appointed counsel

or otherwise respond to Plaintiff's Complaint, which Defendant alone is obligated to do. *See* Decl. of J. McNeily at ¶¶ 7-8.

**B.     Defendant Has Failed to Provide Any Evidence of a Meritorious Defense in His Failure to Answer**

Because Defendant has failed to file an answer, he has offered no evidence of a meritorious defense. Courts have held that "[w]here a defendant fails to answer the complaint, courts are unable to make a determination whether the defendant has a meritorious defense to the plaintiff's allegations, and, accordingly, this factor weighs in favor of granting a default judgment." *Antoine v. Brooklyn Maids 26, Inc.*, 489 F. Supp. 3d 68, 82 (E.D.N.Y. 2020) (citing *Joseph v. HDMJ Restaurant, Inc.*, 970 F. Supp. 2d 131, 143 (E.D.N.Y. 2013)). "Moreover, when a defendant has not presented a defense to the court, the well-pleaded allegations in plaintiff's complaint are presumed to be true," although plaintiff must still "demonstrate that the factual allegations set forth in her complaint state valid claims to relief." *Antoine*, 489 F. Supp. 3d at 82 (citations omitted). Here, Defendant failed to file an answer. Accordingly, this factor, along with Plaintiff's well-pleaded allegations, *see supra* Section D, "weighs in favor" of a default judgment.

**C.     Ignoring Defendant's Default Would Greatly Prejudice Plaintiff's Ability to Recover for Severe Physical and Psychological Trauma Suffered**

Denying this motion would be "prejudicial to Plaintiff 'as there are no additional steps available to secure relief in this Court.'" *HDMJ Rest., Inc.*, 970 F. Supp. 2d at 148 (quoting *Bridge Oil Ltd. v. Emerald Reefer Lines, LLC*, 2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008), *report and recommendation adopted*, 1:06-cv-14226 (S.D.N.Y. Jan. 26, 2009)). Specifically, ignoring Defendant's default would unjustifiably postpone Plaintiff's recovery for the "physical and psychological harm inflicted upon her by Defendant." Ex. 1, ECF No. 1 (Complaint) at ¶ 41. Plaintiff seeks recovery under statutory schemes that were specifically crafted to aid victims in Plaintiff's exact situation. *See, e.g.*, Order Granting Motion for Default Judgment at 2-3, *"Jenny"*

*v. Blaha*, 2:23-cv-07051-JMA-ST (E.D.N.Y. July 1, 2024) [hereinafter Default *"Jenny"* Order] (Azrack, J.), ECF No. 19 (quoting *St. Louis v. Perlitz*, 176 F. Supp. 3d 97, 99 (D. Conn. 2016)) ("The legislative history of Masha's Law shows that it was intended to provide a cause of action for victims of Internet distribution of child pornography. Congress has recognized that distribution of child pornography on the Internet inflicts an injury on the minor victims depicted in the pornographic material."). Plaintiff has already suffered for years from Defendant's sexual abuse and exploitation, and she would only be further prejudiced if unnecessarily delayed from receiving statutory recovery she is owed due to Defendant's failure to defend this case.

**D.      Plaintiff's Well-Pleaded Allegations Establish Liability for Defendant's Commission of Covered Offenses Against Plaintiff as the Victim**

"When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Menjivar v. Azar*, 2025 WL 71706, at *1 (E.D.N.Y. Jan. 10, 2025) (Azrack, J.). Then, "the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law." *Id*. Here, the Complaint's well-pleaded allegations unequivocally establish the legal basis for Defendant's liability.

**1.      Plaintiff's Criminal Violation of 18 U.S.C. § 2251 Establishes Civil Liability under 18. U.S.C. § 2255(a) (Count I)**

To establish liability for civil damages under 18 U.S.C. § 2255(a), Plaintiff must establish that (1) Defendant committed a covered offense and that (2) Plaintiff is "a 'person who, while a minor, was a victim of a [covered] violation' of Title 18." Default *"Jenny"* Order at 3 (quoting 18 U.S.C. § 2255(a)). Among the criminal offenses enumerated in 18 U.S.C. § 2255(a) is "section . . . 2251." 18 U.S.C. § 2255(a). On February 10, 2022, Defendant pleaded guilty to one count of sexual exploitation of a child in violation of 18 U.S.C. §§ 2251(c) and (e). Ex. 1, ECF No. 1 (Complaint) at ¶ 35. On November 2, 2022, this Court sentenced Defendant to a total of 200

months in prison.  *Id.*  "Thus, it is undisputed that Defendant was convicted of . . . covered offense[s]."  Default *"Jenny"* Order at 3.

The "operative question" is whether Plaintiff "was a victim" of Defendant's §§ 2251(c) and (e) violations.  *Id.* (citing 18 U.S.C. § 2251(a)).  Plaintiff is indisputably a victim of Defendant's violation of 18 U.S.C. § 2251(c) and (e).  Ex. 1, ECF No. 1 (Complaint) at ¶ 36.  The United States Department of Justice notified Plaintiff that she was a victim, referenced as "Jane Doe" in the indictment, and she delivered a victim impact statement at Defendant's sentencing hearing.  *Id.* ¶¶ 24, 28.  Moreover, the Complaint alleges that Defendant's criminal offenses occurred "[w]hen Plaintiff was a minor."  *Id.* ¶ 33.  Defendant himself acknowledged at his plea hearing that he "knew [Jane Doe] to be a minor" when he committed his criminal offenses.  Ex. 6, ECF No. 4-3 (Pleading Tr. at 19:1, *United States v. Blaha*, 20-cr-220 (E.D.N.Y. Feb. 15, 2022), ECF No. 36).  Therefore, Plaintiff "was a victim" when she was a minor of the covered offenses enumerated by 18 U.S.C. § 2255(a) that underlie Defendant's criminal conviction.  This "well-pleaded" allegation thus establishes Defendant's liability for civil damages under 18 U.S.C. § 2255(a).

### 2. Plaintiff's Criminal Violation of 18 U.S.C. § 1591 Establishes Civil Liability under 18. U.S.C. § 1595(a) (Count II)

Similarly, to establish liability for civil damages under 18 U.S.C. § 1595(a), Plaintiff must establish that (1) Defendant was the "perpetrator" of "a violation of this chapter" and that (2) Plaintiff was "a victim" of the violation.  18 U.S.C. § 1595(a).  Defendant's violation of § 1591 is "a violation" in Chapter 18 of the U.S. Code.  As the Complaint alleges, "[t]he facts that gave rise to the criminal charges under 18 U.S.C. §§ 2251(c) and (e) also support a charge of sex trafficking of a minor under 18 U.S.C. § 1591."  Ex. 1, ECF No. 1 (Complaint) at ¶ 31.  Defendant was the perpetrator who "recruited, obtained, solicited, patronized, and harbored Plaintiff, knowing that

she was a minor, for the purposes of engaging in commercial sex acts on multiple occasions in violation of 18 U.S.C. § 1591." *Id.* ¶ 40. Likewise, Plaintiff was a victim of the "physical and psychological harm inflicted upon her by Defendant." *Id.* ¶ 41. Accordingly, this "well-pleaded" allegation establishes Defendant's liability for civil damages under 18 U.S.C. § 1595(a).

### E. An Inquest on Damages Is Not Necessary Because Plaintiff Has Established the Requisite Facts for This Court to Grant Plaintiff's Requested Damages

The next step is "conduct[ing] an inquiry to 'ascertain the amount of damages with reasonable certainty.'" *Menjivar*, 2025 WL 71706, at *1 (quoting *Credit Lyonnais Sec., Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). Here, Plaintiff seeks a fixed amount of $150,000 in liquidated damages prescribed under 18 U.S.C. § 2255(a) and a damages amount of $4 million under 18 U.S.C. § 1595(a), which consists of $2 million in compensatory damages for emotional distress and pain and suffering and $2 million in punitive damages. The requested relief is commensurate with Defendant's reprehensible conduct, Plaintiffs' injuries, and this Circuit's precedent.

#### 1. Plaintiff's Victimhood Entitles Her to Liquidated Damages under 18 U.S.C. § 2255(a)

Congress enacted section 2255(a), also known as Masha's Law, as an avenue "for civil recovery by victims of . . . child molestation, exploitation, and pornography" in recognition of the "injury on the minor victims depicted in the pornographic material." Default *"Jenny"* Order at 2-3 (citations omitted). Section 2255(a) allows victims to recover "liquidated damages in the amount of $150,000," as Plaintiff has requested in her Complaint. *See* Ex. 1, ECF No. 1 (Complaint) at ¶ 37.

This Court has granted recovery of both criminal restitution and liquidated damages under Masha's Law. *See* Ex. 7, ECF No. 50 (Judgment, *United States v. Blaha*, 20-cr-220 (E.D.N.Y. Nov. 2, 2022)); Default *"Jenny"* Order at 4-5. Further, courts have consistently found that "18

U.S.C. § 2255 permits a victim to bring a civil claim for the violation of a predicate statute even where that victim has previously received criminal restitution for the same violation of that statute for her purported full damages." *Doe v. Hesketh*, 828 F.3d 159, 171 (3d Cir. 2016); *see also Dole v. Joshi*, 2023 WL 3975113, at *4 (E.D. Mo. June 13, 2023) (quoting the same); *New York City Dist. Council of Carpenters Pension Fund v. Forde*, 2018 WL 2455437, at *17-*18 (S.D.N.Y. June 1, 2018), *report and recommendation adopted as modified*, 341 F. Supp. 3d 334 (S.D.N.Y. 2018) (citing *Hesketh* in support of its holding that "the [plaintiffs] are entitled to seek at trial additional damages against [defendants] notwithstanding the calculations of damages contained in the restitution orders"); *Cara v. Salley*, 2024 WL 1859854, at *1, *4 (W.D. Wash. Apr. 29, 2024) (noting that plaintiffs were previously awarded restitution upon defendant's guilty plea to violations of 18 U.S.C. § 2252(a)(2) and (b)(1) and also finding that "a $150,000 award to each Plaintiff is proper").

Turning to the requisite pleadings, "[b]ecause plaintiffs are not required to show specific injuries, it is the victimhood alone—and not any resulting effects—that forms the basis of a § 2255 action." Default *"Jenny"* Order at 4-5 (quoting *M.M. v. Manzano*, 2023 WL 4901650, at *5 (D. Conn. Aug. 1, 2023)). Accordingly, "Plaintiff's principal burden" is establishing "victimhood by a preponderance of the evidence." Default *"Jenny"* Order at 5. As set forth above, Plaintiff alleged in the Complaint that she was the victim of Defendant's §§ 2251(c) and (e) criminal violations—which were already adjudicated. Having "carried that burden, Plaintiff[] [is] entitled 'to civil (liquidated) damages under Section 2255' in the amount of $150,000." *Id.* (citation omitted). She need not prove actual damages, as the statutory scheme "expressly provides that any victim of a covered offense 'shall be deemed to have sustained damages of no less than

$150,000 in value.'" *Id.* (citations omitted). Accordingly, Plaintiff "has a right to receive liquidated damages in the amount of $150,000." *Id.*

### 2. Plaintiff's Victimhood Entitles Her to Emotional Distress and Punitive Damages under 18 U.S.C. § 1595(a)

Congress enacted the Trafficking Victims Protection Act ("TVPA") in 2000 to "combat trafficking in persons, a contemporary manifestation of slavery whose victims are predominantly women and children, to ensure just and effective punishment of traffickers, and to protect their victims." *Sahebdin v. Khelawan*, 2022 WL 4451005, at *4 (E.D.N.Y. Sept. 24, 2022) (citing Pub. L. No. 106-386, § 102(a), 114 Stat. 1466 (2000)). In 2003 and 2008, Congress amended TVPA under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), adding section 1595(a) to "create[] a civil cause of action allowing victims of human trafficking to recover damages from their captors in district court." *Oluoch v. Orina*, 101 F. Supp. 3d 325, 329 (S.D.N.Y. 2015). Specifically, section 1595(a) allows victims of sex trafficking to "recover damages" in a "civil action against the perpetrator," which Plaintiff requests in the amount of $2 million in emotional distress damages and $2 million in punitive damages.

### a. Plaintiff's Victimhood Entitles Her to $2 Million in Emotional Distress Damages

This Court has recognized that "a party's default is deemed to constitute a concession of all well pleaded allegations of liability," but "not . . . an admission of damages." *Menjivar*, 2025 WL 71706, at *1 (quotation omitted). Accordingly, in addressing compensatory and punitive damages, the Court "must conduct an inquiry to 'ascertain the amount of damages with reasonable certainty,'" but "may determine that there is a sufficient evidentiary basis for the damages sought by Plaintiff by reviewing affidavits and other documentary evidence." *Id.* (citations omitted). This Circuit has held that Federal Rule of 55(b) "does not require a hearing on damages in every case," particularly where a "District Court relied upon detailed affidavits and documentary evidence,

14

supplemented by the District Judge's personal knowledge of the record." *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). Moreover, here, "a fresh damages hearing might inflict fresh wounds, increasing the child's suffering." *Doe v. Bruno*, 2017 WL 1424298, at *3 (D. Conn. Apr. 20, 2017) (quoting *Doe v. Boland*, 698 F.3d 877, 882 (6th Cir. 2012)). Plaintiff has provided sufficient documentary evidence in this case for damages, without the need for a hearing. *See* Ex. 8 (Victim Impact Statement); Ex. 9 (Psychologist's Declaration in Support of Order for Restitution ("Psychologist Decl.")). Further, case law in this Circuit provides sufficient guidance for calculating a reasonable damages award based on the undisputed allegations in the Complaint and the record from Defendant's criminal action.

Courts have granted recovery for both emotional distress and punitive damages to victims of sex trafficking under section 1595(a). In granting damages, courts have considered (1) the age of the victim; (2) the frequency and time period of assault and (3) whether the defendant directly perpetrated the assault. Here, the Court should grant both emotional distress and punitive damages under section 1595(a), taking into account Defendant's direct, repeated perpetration of sexual assault against Plaintiff when she was a minor. Notably, emotional distress and punitive damages are distinct from the "full amount of the victim's losses" contemplated by the criminal restitution statute for Plaintiff's "medical services relating to physical, psychiatric, or psychological care; physical and occupational therapy or rehabilitation; necessary transportation, temporary housing, and child care expenses; [and] lost income." *See* 18 U.S.C. § 2259(c)(2); *see also Hesketh*, 828 F.3d at 170 ("[A] civil action allows a victim to recover for non-pecuniary damages, such as pain and suffering or mental and emotional distress, which may not be available under the restitution statutes."). Specifically, here, Plaintiff's $874,777 restitution award consisted of: (1) $593,664 in medical costs for therapy, psychological treatment, and medication, (2) $254,426 in estimated

future lost income, and (3) $26,707 in fostering and residential care costs until adulthood. Decl. of J. McNeily at ¶15. These restitution costs, awarded in accordance with the statutory scheme, are distinct from emotional distress damages awarded for a plaintiff's subjective "pain and suffering, mental anguish, shock, and discomfort." *Shukla v. Sharma*, 2012 WL 481796, at *13 (E.D.N.Y. Feb. 14, 2012).

(1)    **This Circuit's Precedent Supports a $2 Million Damages Award for Emotional Distress**

First, other courts in the Second Circuit have recognized "[e]motional distress damages . . . as a form of compensatory damages . . . recoverable in a private cause of action under the TVPRA" for victims of sex trafficking. *E.g.*, *Doe v. Warren & Baram Mgmt. LLC*, 2024 WL 2941222, at *6 (S.D.N.Y. May 3, 2024) (citations omitted), *report and recommendation adopted sub nom. Doe v. Baram*, 2024 WL 3342602 (S.D.N.Y. July 9, 2024). These damages may reasonably account for "humiliation, indignity, and ordeal," separate from "proximate symptoms . . . [and] conditions like post-traumatic stress disorder." *Shukla*, 2012 WL 481796, at *14. "Although 'the law does not provide a precise formula by which pain and suffering and emotional distress may be properly measured and reduced to monetary value[,] ... [this] Court is assisted in this endeavor by reviewing the precedents.'" *Noonan v. Becker*, 2018 WL 1738746 (S.D.N.Y. Apr. 10, 2018) (quoting *Mathie v. Fries*, 935 F. Supp. 1284, 1305 (E.D.N.Y. 1996), *aff'd in part and remanded in part*, 121 F.3d 808 (2d Cir. 1997)), *report and recommendation adopted*, 2018 WL 2088279 (S.D.N.Y. May 3, 2018). Specifically, in *Baram*, the court granted the plaintiff $500,000 in compensatory damages for her "physical harm" and "emotional distress." 2024 WL 2941222, at *8. The *Baram* plaintiff testified "to the many ways her life was, and continues to be, impacted by the trauma she suffered from the rape and assaults," including becoming "severely depressed" and attempting suicide. *Id.* at *6.

16

Similarly, for emotional distress damages under other statutes, courts in this Circuit have regularly upheld damages awards exceeding $1 million. *See, e.g.*, *Riascos-Hurtado v. Raines*, 422 F. Supp. 3d 595, 606 (E.D.N.Y. 2019) (awarding $1.5 million in compensatory damages for "psychological and emotional harm" to inmate victims of repeated sexual assault and rape over several months by correctional counselor); *Doe v. Gonzalez*, 2023 WL 5979182, at *8 (E.D.N.Y. Aug. 4, 2023) (awarding $2 million in compensatory damages against perpetrator of yearslong sexual abuse from victim's childhood into adulthood), *report and recommendation adopted in part, rejected in part on other grounds*, 2023 WL 6211023 (E.D.N.Y. Sept. 25, 2023); *Ortiz v. New York City Hous. Auth.*, 22 F. Supp. 2d 15, 39 (E.D.N.Y. 1998) (upholding jury's verdict of $3 million total damages for past and future pain and suffering against housing authority for single rape at gunpoint in her building), *aff'd*, 198 F.3d 234 (2d Cir. 1999); *Stines v. Sanchez*, 2025 WL 3701734, at *5 (S.D.N.Y. Dec. 22, 2025) (awarding $4 million in compensatory damages for child sexual abuse against individual defendant and corporate defendant, each, for "the injury itself, [and] conscious pain and suffering"), *report and recommendation adopted*, 2026 WL 196391 (S.D.N.Y. Jan. 26, 2026); *Doe v. City of Waterbury*, 2009 WL 3348314, at *3 (D. Conn. Oct. 15, 2009) (awarding $8 million total in combined compensatory and punitive damages for "extreme emotional distress, anguish, suffering, nightmares, and fears" against mayor who sexually abused minor victims for several years).

The facts in Plaintiff's case parallel the facts in *Gonzalez*, where the court awarded $2 million in compensatory damages, without an evidentiary hearing, for the plaintiff's "loss of innocence" and continued "burden of the memories." 2023 WL 5979182, at *8. In *Gonzalez*, the plaintiff met the defendant via an online chatroom when she was thirteen and he was twenty-three. *Id.* at *1. The defendant messaged the plaintiff regarding her sexual history and subsequently

snuck into her family home, coercing plaintiff into sexual activity. *Id.* at *2. Both the virtual communications and sexual encounters persisted into the plaintiff's adulthood. *Id.* at *3. Ultimately, the court awarded the plaintiff damages for "the fact that she suffered continued sexual abuse at the age of just thirteen," her continued symptoms of "PTSD and . . . difficulty forming intimate relationships," and her "feelings of helplessness" and forced acquiescence to the defendant's demands during their sexual encounters. *Id.* at *8.

Similarly, here, Plaintiff was only eleven or twelve years old when her older sister introduced her virtually to Defendant and he began asking for sexual videos and pictures. Ex. 8 (Victim Impact Statement) at ¶¶ 4-5; Ex. 1, ECF 1 (Complaint) at ¶¶ 12-13. Subsequently, Defendant escalated his online sexual abuse to in-person sexual encounters, during which Defendant drugged, raped, and threatened Plaintiff multiple times over the course of more than a year. Ex. 8 (Victim Impact Statement) at ¶¶ 7-10; Ex. 1, ECF 1 (Complaint) at ¶¶ 14-17. █████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████ Ex. 9 (Psychologist Decl.) at ¶ 10.

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████ *Id.* ¶ 6; *see also* Ex. 8 (Victim Impact Statement) at ¶¶ 12, 15 ████████

███████████████████████████████████████████████

█████████████████████████████. ███████████████████

18



Ex. 8 (Victim Impact Statement) at ¶ 8; Ex. 1, ECF 1 (Complaint) at ¶ 18.

Ex. 8 (Victim Impact Statement) at ¶ 8.

*Id.* ¶ 9; Ex. 1, ECF 1 (Complaint) at ¶ 19.

Ex. 8 (Victim Impact Statement) at ¶ 10.

*Id.*

        (2)    **Plaintiff's Age and Defendant's Prolonged Trafficking and Abuse of Plaintiff Support a Higher Damages Award**

In calculating Plaintiff's emotional distress damages, the Court should also account for Defendant's repeated pattern of assault and his direct role in Plaintiff's suffering. In *Baram*, the court granted a lesser damages award because, among other factors, (1) the plaintiff had suffered "a single rape," rather than "multiple sexual assaults," and (2) the defendant was a corporation and "not the individual who perpetrated the rape." 2024 WL 2941222, at *9. Similarly, in analyzing a jury award of TVPRA damages, another court in this district recognized the "slightly higher range" of damages awards for "mental anguish resulting from lengthy and concerted harassment." *Shukla*, 2012 WL 481796, at *14. Here, unlike the plaintiff in *Baram*, Plaintiff (1) experienced "repeated sexual assaults and exploitation" for "over the course of more than a year" and (2) Defendant is the individual who directly perpetrated these assaults. Ex. 1, ECF No. 1 (Complaint) at ¶¶ 17, 20; *see also* Ex. 8 (Victim Impact Statement) at ¶¶ 5-10.

Furthermore, courts in this Circuit have considered the age of the victim during the period of abuse in damages calculations and have granted higher awards for emotional distress in cases of child sexual abuse. *See, e.g.*, *Doe v. City of Waterbury*, 2009 WL 3348314, at *3 (D. Conn. Oct. 15, 2009) (acknowledging that "the young age of the plaintiffs" may warrant a higher damages award for "plaintiffs' loss of innocence, childhood, and trust and the burden of the memories of the sexual abuse trauma they suffered"). Here, Defendant sexually exploited, trafficked, and abused Plaintiff in unimaginable ways starting when she was only eleven or twelve years of age, causing lasting emotional trauma. Plaintiff thus respectfully requests that the Court account for these factors in determining its award.

        b.        **Plaintiff's Victimhood Entitles Her to $2 Million in Punitive Damages**

In addition to compensatory damages, the *Baram* court granted punitive damages pursuant to a 1:1 ratio to compensatory damages. 2024 WL 2941222, at *10. The court anchored its analysis to the Second Circuit's three-factor test for punitive damages: "(1) the degree of reprehensibility of the tortious conduct; (2) the ratio of punitive damages to compensatory damages; and (3) the difference between this remedy and the civil penalties authorized or imposed in comparable cases." *Id.* at *9 (quoting *Patterson v. Balsamico*, 440 F.3d 104, 120 (2d Cir. 2006)). It emphasized that the "reprehensibility of the tortious conduct is perhaps the most important factor in determining an award of punitive damages" and considered whether there was "particularly reprehensible conduct, including (1) whether a defendant's conduct was marked by violence or presented a threat of violence, (2) whether a defendant's conduct evinced trickery or deceit as opposed to mere negligence, and (3) whether the record supports a finding of intentional malice." *Id.* at *9 (quotations and citations omitted). The court found the defendant's conduct "particularly reprehensible" because, through its executive, the company "lured a minor" to be

20

"drugged . . . and raped" in an "intentional" manner that inflicted "significant and lasting trauma." *Id.*

Defendant's conduct was "particularly reprehensible" for the same reasons. Defendant initiated contact with Plaintiff when he knew she was a minor, escalating from explicit digital communications to in-person meetings. Ex. 1, ECF No. 1 (Complaint) at ¶¶ 11-19. At those meetings, he intentionally and "forcibly rape[d]" Plaintiff, and at times gave Plaintiff "a drink that made her dizzy and fall asleep," "tied up Plaintiff's hands so that she could not fight back," and "threatened to kill Plaintiff's mother" if she reported the abuse. *Id.* ¶¶ 15-19. Thus, just like the defendant in *Baram*, Defendant here "lured a minor" and "drugged . . . and raped" her in an "intentional" manner, inflicting "significant and lasting trauma." *See id.* Such behavior clearly meets the court's three-factor punitive damages test.

With respect to the other punitive damages factors regarding the size of the award, other courts in this district have "roughly adhere[d] to the one-to-one punitive-to-compensatory ratio." *Brooklyn Maids 26, Inc.*, 489 F. Supp. 3d at 102; *see also Doe v. Hyassat*, 2024 WL 2862547, at *5 (S.D.N.Y. Apr. 11, 2024) ("A one-to-one ratio of punitive damages to compensatory damages is both common and permissible when compensatory damages are 'substantial.'"), *report and recommendation adopted*, 2024 WL 1955354 (S.D.N.Y. May 3, 2024). The 1:1 ratio has been widely adopted by courts in this Circuit in sexual assault cases. *See, e.g.*, *Hyassat*, 2024 WL 2862547, at *6 (awarding $1.25 million in punitive damages pursuant to a 1:1 ratio with compensatory damages to victim of rape and sexual abuse via a "date-rape" drug); *Stines v. Sanchez*, 2025 WL 3701734, at *8 (S.D.N.Y. Dec. 22, 2025) (awarding $4 million in punitive damages each, pursuant to a 1:1 ratio, against individual defendant and corporate defendant for child sexual abuse), *report and recommendation adopted*, 2026 WL 196391 (S.D.N.Y. Jan. 26,

21

2026); *Noonan*, 2018 WL 1738746, at *9 (awarding $1 million in punitive damages pursuant to a "one-to-one ratio" to victim of rape perpetrated by police officer).  With this precedent in mind, Plaintiff respectfully requests the Court award punitive damages in the amount of $2 million, pursuant to a 1:1 ratio with compensatory damages.  This amount sufficiently accounts for Defendant's "particularly reprehensible" conduct and its lasting impact on Plaintiff.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant her motion for default judgment and award her: (1) liquidated damages in the amount of $150,000 pursuant to 18 U.S.C. § 2255(a); and (2) damages for sex trafficking under 18 U.S.C. § 1595(a) in the total amount of $4 million, which consists of $2 million in compensatory damages for emotional distress and pain and suffering and $2 million in punitive damages.

Dated: March 20, 2026
Chicago, Illinois

/s/ Jack McNeily

Jack McNeily

**LATHAM & WATKINS LLP**
330 North Wabash Ave., Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Email: Jack.McNeily@lw.com

Wenyi Gu
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: Wendy.Gu@lw.com

*Attorneys for Plaintiff Jane Doe*

# CERTIFICATE OF COMPLIANCE

I, Jack McNeily, an attorney duly admitted to practice before this Court, hereby certify pursuant to Local Rule 7.1(c) of the United States District Court for the Southern and Eastern Districts of New York ("Local Rules"), that the foregoing Memorandum of Law was prepared using Microsoft Word and contains 7075 words in accordance with the Local rules. In making this calculation, I have relied on the word count of the word-processing system used to prepare the document.

Dated: March 20, 2026
      Chicago, Illinois

                         */s/ Jack McNeily*
                         Jack McNeily