**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

For Online Publication Only

FILED
CLERK

11/5/2026 1:52 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

JANE DOE,

Plaintiff,

v.

THOMAS BLAHA,

Defendant.

**ORDER**
25-CV-1569 (JMA) (AYS)

Before the Court is the motion of Plaintiff Jane Doe for a default judgment against Defendant Thomas Blaha ("Defendant"). Plaintiff bought suit pursuant to 18 U.S.C. § 2255(a) and 18 U.S.C. § 1595(a) to recover damages as a victim of Defendant's criminal violations of 18 U.S.C. § 2251 and 18 U.S.C. § 1591, respectively. (See generally Compl., ECF No. 1.) Although Defendant was properly served with copies of the summons and complaint on May 1, 2025, he failed to appear or otherwise defend against the action. (See ECF Nos. 10, 11.) On September 3, 2025, the Clerk of the Court entered the default. (ECF No. 13.) For the below reasons, Plaintiff's Motion is GRANTED.

## I. DISCUSSION

### A. Defendant Defaulted

The record reflects that Defendant was properly served in this action. (See ECF No. 10.) Defendant, however, has not answered, appeared in this action, responded to the instant motion

for default judgment, or otherwise defended this action. (See ECF Nos. 11, 13). Accordingly, the Court finds Defendant in default.[1]

**B. Liability**

Before imposing a default judgment, the Court is required to accept Plaintiff's well-pleaded allegations as true. See Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 187 (2d Cir. 2015) (per curiam). However, this Court also must determine whether the allegations in the complaint establish Defendant's liability as a matter of law. Id. Here, the two claims alleged in Plaintiff's complaint meet those requirements. (See Compl. ¶¶ 32-41.)

**C. Damages**

"[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Bricklayers & Allied Craftworkers Local 2, 779 F.3d at 189 (alteration in original) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). Federal Rule of Civil Procedure 55(b)(2) does not require an evidentiary hearing, and the Court may determine that there is sufficient evidentiary basis for the damages sought by Plaintiff by reviewing affidavits and other documentary evidence. See Cement & Concrete

---

[1] Defendant sent Plaintiff's counsel a letter postmarked on May 8, 2025 indicating that he had received Plaintiff's lawsuit and that he had requested an attorney represent him. (ECF No. 22 at 5–6.) Plaintiff, however, never appeared in this action or filed any documents in this action. Plaintiff also mailed a copy of the instant motion for default judgment on Defendant.

Workers Dist. Council Welfare Fund, 699 F.3d at 234; Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989).

The evidence submitted by Plaintiff—including her sworn victim impact statement and the declaration of her psychologist—establishes to a reasonable certainty, that Plaintiff is entitled to an award of:

1. $150,000 in liquidated damages under 18 U.S.C. § 2255(a); and
2. $2,000,000 in compensatory damages for emotional distress and pain and suffering and $2,000,000 in punitive damages, for a total of $4,000,000 in damages under 18 U.S.C. § 1595(a).

## II. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Entry of Default Judgment is GRANTED. Defendant is liable to Plaintiff in the amount of $4,150,000.

The Clerk of the Court is respectfully directed to issue a judgment, close this case, and mail a copy of the judgment and this Order to Defendant, (see ECF No. 24).

**SO ORDERED.**

Dated: November 5, 2026
Central Islip, New York

_______/s/ (JMA)___________________
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE